## SIZEMORE et al. v. DILL.

No. 12280—Opinion Filed Nov. 6, 1923.

**1. Dismissal—Dismissal After Submission —Consent of All Parties.**

An action cannot be dismissed after the final submission of the case to the court or jury, and after judgment has been rendered, except by consent of all parties interested.

**2. Parties—Intervention.**

A district court, acting upon principles of manifest justice, may, in cases not provided for by the Code of Civil Procedure, permit one not a party to the suit to intervene, either before or after judgment, for the protection or advancement of some right, with reference to the subject-matter, of the litigation which he holds.

**3. Judgment — Vacation — Lack of Notice to Parties.**

There should be no disposition on the part of trial courts to in any wise prevent or avoid appeals from their orders and judgments, and whenever through inadvertence appealable orders are made or judgments rendered, without notice to all parties concerned and without giving an opportunity to all parties aggrieved to except and prepare the record for an appeal, and motion to vacate is filed within reasonable time after notice of such action, same should be granted, to the end that the judgment may be rendered in open court and with due notice to all parties concerned.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Okfuskee County; Lucien B. Wright, Judge.

Action by E. B. Sizemore against W. H. Dill; Willard Johnston, intervener. Judgment for defendant, and plaintiff and intervener bring error. Reversed, with directions.

J. B. Patterson and Ames, Chambers, Lowe, & Richardson, for plaintiffs in error.

B. B. Blakeney and Hubert Ambrister, for defendant in error.

Opinion by JONES, C. This case was instituted by E. D. Sizemore, plaintiff below, and one of the parties who appeared as plaintiff in error against W. H. Dill, defendant below and defendant in error, on the 12th day of March, 1919, to remove cloud from title.

Plaintiff alleges in his petition that he was the owner in fee simple and in possession of 160 acres of land in Okfuskee county, state of Oklahoma. The defendant in his answer admits that plaintiff is in possession of the land in controversy, but avers

that he is the equitable owner and entitled to the S. ½ of said tract of land, which is described as being the N. E. ¼ of sec. 6, twp. 11 N., R. 10 E. I. M. And defendant asks that his title to S. ½ of said tract be quieted. To which answer the plaintiff replies and specifically denies the matter and facts set up in defendant's answer. and denies that the title to said land was ever held in trust for said defendant.

The pleadings are rather voluminous, detailing at great length all the facts leading up to this controversy, and set forth various conveyances which determine the title to this property, but we think for the purpose of this opinion the statement heretofore made is sufficient. The records disclosed, as heretofore stated, that the case was filed on March 12, 1919, and on November 7th and 8th, 1919, the matter was heard before the court without the intervention of a jury. The court seems to have taken the matter under advisement and suggested that he would hear oral arguments on the part of counsel at some future date. The case was set for a day in June, 1920, at which time Mr. Patterson, attorney for the plaintiff, appeared, but no one appearing for the defendant the matter was postponed, and so far as the records disclose, indefinitely; at some stage of the proceedings Messrs. Ames, Chambers, Lowe & Richardson of Oklahoma City were employed in the case, and on the 23rd day of July, 1920, they received through the mail notice that judgment had been rendered in favor of the defendant Dill on the 16th day of July, 1920. They immediately communicated by phone with the clerk of the court of Okfuskee county to ascertain the facts and the moving party, Willard Johnston, who is one of the plaintiffs in error, asserts that the clerk informed the attorneys that his record did not show that any judgment had been rendered in the case, and on the 2nd day of August, 1920, the following record was made by the clerk:

"Court having been opened in due form this 16th day of July, 1920, the following among other proceedings were had, to wit:

"2647. E. B. Sizemore v. W. H. Dill, judgment for defendant as per journal entry.

"(The above minute record given to the clerk on Aug. 2, 1920, by W. H. Dill, an attorney, saying that this order was made the court July 12, 1920.)"

"Court takes recess to July 24, 1920."

Plaintiff in error files the following motion, giving notice of same, which was set for hearing on the 6th day of September, 1920, at 9 o'clock a. m.; the motion is as follows:

(1) "That said judgment was not rendered by the court in open court on the 17th day of July, 1920.

(2) "That the said judgment was not entered or the clerk notified of the rendition of said judgment until some time after the 17th day of July, 1920, and until after the 23rd day of July, 1920.

(3) "That no notice of the time of the rendition of said judgment was ever served upon the plaintiff or his attorney nor did they or either of them receive any notice whatsoever that said judgment would be rendered on the said 16th day of July, 1920, or any other date.

(4) "That the said plaintiff was not notified and knew nothing of the rendition of said judgment until long after the same had been rendered, and until after the time of filing a motion for new trial had expired by reason of which said plaintiff has been prevented from perfecting an appeal to the Supreme Court of the state of Oklahoma and by reason of which it has become impossible for said plaintiff to make a case-made."

The motion, however, seems not to have been passed on until November 20, 1920, and in the meantime, September 9, 1920, E. D. Sizemore, the plaintiff, filed a motion to dismiss the case, and on the hearing of plaintiff in error's motion November 20th the court overruled the motion, and the records disclosed that his reason for so doing was that E. D. Sizemore had notified his attorneys, Ames, Chambers, Lowe & Richardson and J. B. Patterson, not to appear on his behalf in said litigation, that he had employed Hugh Nolen. That Nolen, acting for Sizemore as his attorney, on the 9th day of September, 1920, filed a motion to dismiss, and it was ordered that by reason of the dismissal, motion for a new trial be overruled, exceptions allowed, and the application of Willard Johnston to intervene and be made a party plaintiff was likewise overruled, exceptions were taken, and proper statutory steps taken to appeal the cause to the Supreme Court.

Johnston in the meantime had filed the motion of intervention, setting up the facts in his pleadings that he was the real party in interest, and that Sizemore had instituted and prosecuted the suit at the instance of Johnston, and under an agreement whereby Johnston becomes the real party in interest, and attached said agreement to his application or motion of intervention and offered to make proof showing his interest and showing himself to be the real party in interest, and that the dismissal of the case by Sizemore after the purported judgment had been rendered,

and after he, Sizemore, had filed motion for a new trial, was in fraud of his rights.

No transcript of the evidence was ever made or procured which was introduced on the hearing of November 7th and 8th, 1919, and the evidence upon which the court based the judgment bearing date of July 16, 1920.

Plaintiff in error sets forth five different assignments of error as follows:

"First. The court erred in overruling the motion of plaintiff to set aside and vacate pretended judgment rendered in said cause on July 16, 1920.

"Second. The court erred in refusing to permit Willard Johnston to be made a party to the action.

"Third. The court erred in holding that the pretended dismissal of said cause by E. D. Sizemore on September 9, 1920, precluded the court from passing on a motion to vacate the judgment.

"Fourth. That the judgment or decision of the court is not sustained by sufficient evidence and is contrary to law.

"Fifth. The court erred in refusing to allow E. D. Sizemore and Willard Johnston or either of them to introduce evidence in support of motion to vacate pretended judgment of July 16, 1920, and the application of Willard Johnston to be made a party to said cause."

And in his arguments he divides the errors assigned into three divisions or propositions, and first contends that the dismissal of the case by Sizemore on September 9, 1920, was of no force and effect and is not permissible in law. And, second, that the court erred in refusing to hear evidence and in overruling motion to set aside the purported judgment rendered July 16, 1920; and, third, that the court was in error in refusing to hear the evidence on the motion of Willard Johnston to intervene and in overruling the same.

This court not having the evidence introduced at the trial of the case before, it is unable to pass upon the contention of the contending parties as to the merits of this case. Plaintiff in error in his motion to vacate alleged and offered to prove that no judgment was ever rendered in open court, and therefore in fact no judgment had ever been rendered, and also complained of the fact that if the judgment was rendered on the 16th day of July, that they had no notice of same until after the expiration of the three day period in which motion for a new trial might have been filed.

The defendant makes the contention that the motion to vacate filed by the plaintiff

in error was not a proper motion, and it is possible that a different motion might have been filed that would have more properly reached the errors here complained of, but the state of the record was such that it was difficult to determine and know what character of motion should be filed and procedure to follow, and plaintiff in error cites no authorities in support of his contention on the motion to vacate other than section 664, Comp. Stat. 1921, which reads as follows:

"An action may be dismissed, without prejudice to a future action:

"First. By the plaintiff, before the final submission of the case to the jury, or to the court where the trial is by the court.

"Second. By the court, where the plaintiff fails to appear on the trial.

"Third. By the court, for the want of necessary parties.

"Fourth. By the court, on the application of some of the defendants, where there are others whom the plaintiff fails to prosecute with diligence.

"Fifth. By the court, for disobedience by the plaintiff of an order concerning the proceedings in the action.

"Sixth. In all other cases, upon the trial of the action, the decision must be upon the merits."

And contends that this case would come under the sixth subdivision, which provides that in all other cases judgment must be upon the merits. We hardly think this is material, however, for the reason that the record does not disclose that the motion to dismiss was ever acted upon. We think, however, that the plaintiff in error was entitled to a hearing on his motion to vacate the judgment, and if the proof should establish the facts as alleged and heretofore set forth in this opinion the motion should have been granted. The effect of which would not necessarily be that a new trial would have been had, but that the judgment should have been rendered in open court with due and timely notice to all parties interested and an opportunity afforded the defeated party to file a motion for a new trial in due time. We likewise think that a hearing should have been given to Willard Johnston on his motion to intervene and should the proof establish the facts alleged in his motion or application, then it would clearly be within the discretion of the court to grant the motion and permit him to intervene and at least proceed with the prosecution of the case in the stage that he found it at the time of his intervention. Volume 20, Ency. of Pleading and Practice, page 1024, says:

"The name of one for whose use an action is brought may be substituted for that of the nominal plaintiff."

The Supreme Court of Kansas, in the case of Gibson v. Ferrell, 94 Pac., at page 783, holds that the provisions in the statute for intervention and substitution are not exclusive, but that the court, in furtherance of justice, can permit the intervention and substitution of parties in other and different cases and announces the rule as established by that court as follows:

"A district court, acting upon principles of manifest justice, may, in cases not provided for by the Code of Civil Procedure, permit one not a party to the suit to intervene either before or after judgment for the protection or advancement of some right with reference to the subject-matter of the litigation which he holds."

And in the body of the opinion we find this language:

"The application to intervene falls within no provision of the Code of Civil Procedure, but notwithstanding this fact, a district court acting upon principles of manifest justice may, in cases not covered by the Code, permit one not a party to the suit to intervene either before or after judgment for the protection of advancement of some right with reference to the subject-matter of the litigation which he holds. In all cases lying without the purview of the statutes the application for leave to intervene must necessarily be addressed to the sound discretion of the court. The applicant must show himself to be in a situation which appeals to the conscience of the court. He should at least disclose, and, if required to do so, should satisfy the court that he possesses a substantial right to be conserved by the intervention; that a remedy may be afforded him in the pending proceeding consistent with its objects and purpose; that the intervention will not unduly interrupt or retard the orderly conduct of the proceeding or result in the frustration of what already has been properly and regularly accomplished by the suit; and especially that the applicant appears with clean hands, and has been active in seeking the aid of the court. The preliminary motion or petition need not exhibit the applicant's claim and the relief to which he deems himself entitled with the fullness and accuracy demanded in a pleading; but, unless excused by the court, it ought to be verified, and merit, good faith and diligence must always clearly appear."

And in the case of Frank, Adm'r, v. Kaigler, 26 Tex., at page 305, we find this language:

"A party who sues in the name of another when he might sue in his own name may amend and proceed in his own name."

And in the case of Griffin v. Sheley et al. (Iowa) 8 N. W. 343, the court in discussing the question of the right of dismissal announces the following rule:

"Dismissal of party plaintiff having no interest held proper, and not a dismissal of the action. Withdrawal of name of plaintiff having no interest, and substitution of real plaintiff, held proper as amendment of petition. Permitting a cross-bill to be filed, held not abuse of discretion. Action commenced without authority, found to be fully ratified by real party in interest. A homestead occupied by the family and which is the home of the head of such family, does not lose its character by the absence from home of such head. Transfer of a homestead cannot be claimed to be fraudulent as to creditors. Delivery of a deed by the grantor to be recorded is a good delivery."

These authorities are not identical with the case at bar in that the motion of intervention in this case comes after a purported judgment was rendered, and just what effect permission to intervene at this time may have we think is a question that should be determined by the trial court. If no new trial be granted the intervention as heretofore stated could only proceed with the prosecution of the case in the Supreme Court, but we think that under the authorities cited it would be proper to permit him to at least prosecute the case to final determination in the Supreme Court.

The defendant in error makes a very able presentation of his contention in the matter and seriously contends that the procedure filed by the plaintiff in error does not entitle him to the relief sought, and in some respects we believe that his position is correct, but under all the facts and circumstances in this case, many of which we have not seen fit to encumber the records with, we cannot quite agree with the contention of the defendant in error.

There should be no disposition on the part of trial courts to in any wise prevent or avoid appeals from their judgments, and whenever, by reason of any order or judgment inadvertently or otherwise made, the trial courts should readily vacate and set aside their order and judgments to the end that the parties may exercise all of their statutory right in the regular order necessary to prepare for appeal from the judgment of the lower court to the Supreme Court of the state of Oklahoma.

Not having the evidence before us, we do not feel prepared to say that the case should be reversed and remanded for a new trial, but we recommend that the orders and judgment of the trial court in refusing to hear testimony, and in overruling the motion to vacate the judgment and the motion of intervention, be reversed, and the case remanded to the lower court, with instructions to hear and determine those motions on their merit, and to render such judgment as in the discretion of the trial judge he thinks proper, with due notice to all parties concerned, to the end that motion for new trial must be properly prepared and filed, based on the merits of the case, in due time.

By the Court: It is so ordered.