### BELL et al. v. KNOBLE et al.

No. 14630—Opinion Filed Feb. 5, 1924.

Rehearing Denied May 7, 1924.

1. **Appeal and Error—Discretion of Lower Court—Vacation of Judgment.**

A petition to vacate a judgment under section 810, Comp. Stat. 1921, is addressed to the sound legal discretion of the trial court, and the judgment will not be disturbed on appeal unless it clearly appears that the trial court has abused that discretion.

2. **Same—Sustaining Demurrer to Petition.**

Record examined, and held, the trial court did not err in sustaining a · demurrer to the petition to vacate.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Harper County; Arthur G. Sutton, Judge.

Action by J. H. Litten to vacate a judgment recovered by Joe Knoble and H. W. Sutton. Petition denied. Litten appeals. Affirmed.

S. B. Laune, for plaintiffs in error.

D. P. Parker, for defendants in error.

Opinion by RAY C. J. H. Litten appeals from an order sustaining a demurrer to his petition to vacate a judgment under section 810, Comp. Stat. 1921, filed two years after the judgment was entered. The principal ground urged is that of unavoidable casualty which prevented him from appearing and defending. That unavoidable casualty consisted of serious illness covering a period beginning about 75 days after the service of summons and continuing until 6 days after the default judgment was taken on account of his failure to appear, demur, answer, or otherwise plead to the petition. A reasonable conclusion to be drawn from

reading the petition is that he rested under the belief that the property of J. H. Litten could not be reached by an execution against Henry Lytton, although the petition shows them to be one and the same person, and that he elected to ignore the proceedings of the court until execution was returned unsatisfied and an alias execution levied on his property.

Another ground urged, irregularity in the return of the summons, could only go to the regularity of the proceedings and did not affect the substantial rights of the defendant. The allegation that the judgment was secured by perjured testimony is not sufficient to vacate the judgment. A number of affidavits were presented with the petition in support of the allegation that the judgment was secured by false testimony. Such affidavits do not add to the allegations of the petition and could only be considered by the trial court in the exercise of a sound discretion.

This court has held that a petition to vacate a judgment under section 810 is addressed to the sound legal discretion of the trial court, and the judgment will not be disturbed on appeal unless it clearly appears that the court has abused that discretion. Atchison, T. & S. F. Ry. Co. v. Schultz, 24 Okla. 365, 103 Pac. 756; Missouri, K. & T. Ry Co. v. Ellis, 53 Okla. 264, 156 Pac. 226.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.