**DILLARD v. SECURITY NAT. BANK et al.**

No. 15359—Opinion Filed Sept. 15, 1925.

**Banks and Banking—Action for Proceeds of Check Against Bank—Drawer and Claimant as Necessary Party.**

Where the plaintiff seeks to recover from the defendant bank, the proceeds of a check given by a third person, who, by order of the trial court, is made a party defendant to the action by reason of his claiming to be the owner of and entitled to the proceeds of said check, and denies the rights of the plaintiff thereto, such person is a nec-essary party to a complete determination of the controversy, and the trial court improperly struck the answer of such person on the ground that he was not a proper or necessary party to the action.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Carter County; Asa E. Walden, Judge.

Action by Security National Bank of Lawton against Cub F. Dillard and others. Judgment for plaintiff, and defendant Cub F. Dillard brings error. Reversed and remanded.

Brett & Brett, for plaintiff in error.

Adams & Orr, for defendants in error.

Opinion by JARMAN, C. The petition of plaintiff, Security National Bank of Lawton, Okla., hereinafter referred to as the Lawton Bank, alleges that Cub F. Dillard, who appears here as plaintiff in error, executed and delivered to F. C. Broadhead, on June 24, 1921, his check drawn on the defendant, the First National Bank of Ardmore, Okla., hereinafter referred to as the Ardmore Bank, for the sum of $500; that said check was indorsed by Broadhead, the payee, and presented to the plaintiff in the regular course of business to be cashed; that the plaintiff wired the defendant Ardmore Bank to know if it would honor and pay said check, and in response thereto the plaintiff received a telegram from the defendant stating that it would pay said check if the signature of Dillard was genuine; that upon receipt of said telegram the plaintiff cashed said check, relying upon the telegraphic acceptance thereof by the defendant; that said check was presented for payment by transmitting the same in the regular course of business through the customary correspondents and clearance houses, but that the defendant refused payment of said check and protested the same. The plaintiff prayed for judgment against the Ardmore Bank, defendant, for the amount of the check and protest fees, aggregating $501.47.

After the filing of said petition by the plaintiff, the court made and entered an order making Cub F. Dillard, a party defendant on the ground that he is a necessary and proper party to the action. Thereafter, the Ardmore Bank filed a separate answer, admitting that it agreed to pay said check if the signature of Dillard was genuine, and admitting, further, that Dillard had a sufficient amount of money on deposit to pay the same; and for further answer said defendant alleged that after said telegram was

sent and before said check was presented for payment. Dillard instructed it not to honor said check for the reason that the same had been obtained from him through false and fraudulent representations by Broadhead, which the plaintiff, Lawton Bank, had full knowledge of, and that said plaintiff was not an innocent purchaser and the holder in due course of said check, and that, by reason of said instructions given by the maker, payment of said check was refused. Said defendant prayed that the plaintiff recover nothing, but, in the event plaintiff should procure a judgment against defendant, that it have judgment over against Dillard for the amount thereof.

Thereafter, the defendant Dillard filed his separate answer admitting the execution of the check for $500, and alleged that said check was attached to a written contract for the purchase of 840 acres of land from Broadhead, wherein it was agreed that said check was to be placed in escrow with the plaintiff, Lawton Bank, to be held until the title to said land was examined by Dillard's attorney; that if the title to said land was good, according to the opinion of said attorney, the check was to be applied on the purchase price, and, if Dillard failed or refused to take said land, the check was to be cashed and the proceeds retained by Broadhead as liquidated damages for the breach of said contract, but if the title to said land was not good, according to the opinion of said attorney, the check was to be returned to the defendant Dillard; that said contract was drawn by an official of the plaintiff bank, and the plaintiff well knew and understood the terms and conditions of said contract; that Broadhead was indebted to the plaintiff; that the plaintiff and Broadhead entered into a conspiracy to collect said check and apply the proceeds upon the indebtedness of Broadhead to the plaintiff, and that the telegram sent by the plaintiff to the Ardmore Bank, defendant, was n the furtherance of this scheme; that before the check reached the Ardmore Bank, the attorney for Dillard had examined the abstract of title to the 840 acres of land and found that the title thereto was not good and had so notified Dillard; that upon learning that Broadhead and the plaintiff had violated the escrow agreement and had taken down the check, Dillard instructed the Ardmore Bank not to pay the same. Dillard prayed that the plaintiff take nothing by reason of said action and that he have judgment for his costs.

The plaintiff filed a motion to strike the separate answer of Dillard from the files, which was sustained on the ground that said defendant was not a proper party to the action and that his answer was improperly filed. From this order striking said answer from the files, Dillard has appealed.

The anomaly of the situation is that the trial court in the first instance ordered that Dillard be made a party defendant on the ground that he was a proper party to said action, and after being made a party, the trial court struck his answer from the files on the ground that he was not a proper party to the action. This state of the record, however, is explained by the fact that the trial judge, who struck the answer from the files, is not the one who made the original order making Dillard a party defendant. The main proposition, urged by the plaintiff to support the action of the trial court in striking the answer of Dillard from the files is as follows:

"Plaintiff has a right to select his defendants. This is an action for money judgment, and C. F. Dillard has no right to intervene therein."

In the first place, Dillard was not an intervener in said action, but a defendant. We think Dillard was properly made a party defendant under section 219, Comp. St. 1921, providing that any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, and under section 224, Comp. St. 1921, providing that when a determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in. Under the facts as alleged in the separate answer of the defendant Dillard, he was not only a proper but a necessary party to a complete determination or settlement of the question involved. The original defendant, Ardmore Bank, claimed no interest in the check or proceeds thereof adverse to the claims of the plaintiff. The question decisive of the entire controversy was whether the plaintiff Lawton Bank, or the defendant Dillard was entitled to the proceeds of the check in question. If it should be found that the plaintiff was entitled to the proceeds of said check, then the controversy would be completely terminated and settled as to all parties to the action, and the same thing would be true if Dillard should be found to be entitled to the proceeds of said check, and under such circumstances, Dillard was not only a proper but a necessary party to the action, and the trial court improperly struck the answer of Dillard from the files.

Wholly aside from the statutory provisions above referred to, Dillard was a proper party and was entitled to present his defense in this action under the rule announced in the case of Sizemore v. Dill, 93 Okla. 176, 220 Pac. 352, as follows:

"A district court, acting upon principles of manifest justice, may, in cases not provided for by the Code of Civil Procedure, permit one not a party to the suit, to intervene, either before or after judgment, for the protection or advancement of some right, with reference to the subject-matter of the litigation, which he holds."

The plaintiff relies upon the case of Goodrich v. Williamson, 10 Okla. 588, 63 Pac. 974, to sustain the proposition that the trial court properly struck the answer of Dillard from the files. In that case, a note was executed by Williamson to Mrs. Dowden, which was · assigned to the plaintiff, Goodrich. Suit was brought by Goodrich to recover on said note. The Oklahoma National Bank, **upon its own motion and without leave,** filed an interplea in the cause, alleging that it had recovered judgment against Mr. Dowden, the husband of the payee of said note, in the sum of $3,429, and that an execution had been issued thereupon and returned unsatisfied; that it had procured another judgment in the sum of $7,634 against Mr. Dowden, under which certain real estate was attached, and that the same was undisposed of at the time of the filing of the interplea; that Williamson, the maker of the note, and Mr. Dowden were, respectively, owners of certain shares of stock in the Dowden-Williamson Grocer Company; that the Dowden stock was held in the name of his wife, the payee of the note in question, and that Dowden had made a pretended sale of his stock to Williamson for $21,000 of which $6,000 was paid by Williamson to Dowden in cash and the balance was represented by three notes of $5 000 each, executed by Williamson to Mrs. Dowden, one of which being the note involved herein; that the sale of said stock to Williamson was for the purpose of hindering and defrauding the creditors of Mr. Dowden. The interpleader prayed that it be subrogated to all of the apparent rights of Goodrich in the collection of such judgment as he might procure on said note. In that case, the court properly held that the bank was not a necessary or proper party to the determination of the controversy, and the interplea of the bank was properly stricken. There, the interpleader charged fraud against the Dowdens and sought to recover money alleged to be theirs from the plaintiff, Goodrich. which is foreign to the issue involved in the action brought by the plaintiff; said interpleader made no claim of ownership of the note or the proceeds thereof, but sought to have equity subrogate it to the rights of the plaintiff, Williamson, so the amount recovered on the note could be applied on the judgment of the interpleader, a mere judgment creditor. It merely asked the court to exercise its equity powers and subject the proceeds of the note, held by the plaintiff, Goodrich, to the payment of the judgment of the interpleader by virtue of certain fraud alleged to have been practiced by Goodrich and the Dowdens.

In the instant case, Dillard and the Lawton Bank had their controversy over the ownership of the proceeds of the check in question, which presents a different situation from that involved in the Goodrich-Williamson Case, supra.

For the reasons hereinabove given, the judgment of the trial court striking the answer of the defendant Dillard from the files is reversed, and the cause remanded, with directions to vacate said order and reinstate said answer.

By the Court: It is so ordered.

Note.—See under (1) 7 C. J. p. 754, § 562 (Anno).