**HOME STATE BANK OF ARCADIA v. HAYNES et al.**

No. 19441. Opinion Filed July 15, 1930.

Commissioners' Opinion, Division No. 1.

Bicking & Wilson and Franklin H. Griggs, for plaintiff in error.

E. D. Brewer, for defendant in error William H. Haynes.

REID, C. The plaintiff filed this suit in the district court of Tulsa county to recover an alleged balance due on a promissory note given by Jonathan Haynes, Thos. Haynes, Wm. W. Haynes, and Wm. H. Shanger, who were named as defendants, but Wm. W. Haynes is the only defendant upon whom service was had. The case comes here upon an appeal by the plaintiff from an order of the court of common pleas of that county denying the plaintiff a new trial and refusing to vacate a judgment previously entered in that court against the plaintiff. The parties will be referred to as they stood in the trial court.

The matter was decided upon the evidence offered by plaintiff; the defendant not offering testimony, but standing upon the proposition that the evidence of plaintiff was insufficient to entitle it to the relief sought. The plaintiff introduced as witnesses Mr. Bicking, one of its attorneys, and Mr. Richards, who had acted as attorney for the defendant served. As their testimony is the

only evidence in the record and in harmony, we assume it proper to give what they said as constituting the uncontroverted facts.

After filing, the cause remained on the docket of the district court until October 4, 1927, when it then came to the court of common pleas of Tulsa county in accordance with an order of the district court. The case was heard in a division of the common pleas court on November 22, 1927, pursuant to a previous setting; and in the absence of counsel for plaintiff the cause was tried and judgment rendered for the defendant. Within three days thereafter the plaintiff filed its motion for a new trial and to vacate the judgment. The grounds of plaintiff's complaint are reflected by the proceedings and evidence heard by the court on the motion.

When the case was first filed the defendant served answered by an attorney. Thereafter Richards came into the case and the defendant was permitted to withdraw its answer and present a demurrer to plaintiff's petition. The demurrer was overruled, and an amended answer was then filed by the defendant. Plaintiff replied, and other pleadings were filed, not here material.

Richards continued to represent the defendant, and during all this time he and plaintiff's attorney, Bicking, frequently discussed a settlement of the case in some way. Each of these attorneys made a trip into Kansas, where the note sued on was given, for the purpose of investigating the matter and the respective claims of their clients. Upon the return of Richards in the early summer of 1927 they again attempted to arrive at a settlement of the case, but were unable to do so, and finally agreed that the case would have to be tried. On account of Richards' health it was thought necessary by him, and upon the advice of his physician, he was contemplating going to California for several weeks. The case then stood upon the docket of the district court, and at the request of Richards, Bicking agreed that he would not insist upon a trial in Richards' absence, and would request the court not to set the case for hearing in September when the docket was made up in August. And it was agreed that upon the return of Richards he would notify Bicking and they would request that the case be then set and they would try it. Bicking arranged with an attorney to look after his affairs when he was absent from his office also, but having no actual knowledge that the case was transferred to the court of common pleas, he did not keep watch over that docket for this case. With this condition the case without the knowledge of either party was transferred to the common pleas court, set on the docket and heard. In the meantime it seems that other counsel had been employed by the defendant, and this counsel represented their client, appeared when the case was called, and introduced the defense, and judgment was rendered for the defendant. After the judgment was taken, plaintiff's counsel was informed of what had been done, and thereupon this motion was filed. Richards knew nothing about the matter until after his return from California. He saw in a local publication that a motion for a new trial was pending in the case, which indicated to him that the plaintiff had taken the judgment in his absence. He called Bicking to protest and found what had actually occurred.

The question is whether a judgment taken under these circumstances should stand. We think not.

Richards then represented the defendant, and it was upon his request and for his convenience that the case was deferred after they could not agree on a settlement. An attorney ordinarily represents and speaks for his client, and the client stands where he does, unless the attorney has exceeded his known authority. Suppose that under the circumstances detailed here the plaintiff had taken a judgment in the absence of Richards, and without his actual knowledge or his client's being notified, would a court of equity have held that the judgment should stand? We think not. The counsel representing the defendant on the day the judgment was taken stood with his client where Richards stood, and just as much bound as Richards was. Suppose that Richards had been at home, and under the circumstances, seeing the case set on the common pleas docket, and without the knowledge of his opposing counsel, had appeared and presented the defendant's case and got a judgment for him. We think no court would have permitted the judgment to stand. There may be outside and extrinsic matters which appealed to the trial court not to set this judgment aside, but they are not in the record, and as the record stands we must pass on the case. We are aware of the fact that counsel should be diligent in having their matters heard by the court, and that sometimes they are disposed to indifferently carry their cases along to the detriment of the dispatch of business, but the duty to dispose of cases without unnecessary delay

should not operate to deprive a party of his day in court under the circumstances detailed in this case. A party cannot by change of counsel in the middle of a lawsuit relieve himself of a duty he owes to the adverse party by reason of an agreement made by his former counsel, and thus secure a judgment by what in law amounts to a fraud upon the rights of the adverse party.

When viewed under section 572, subd. 3, alone, as a motion for a new trial, the evidence of plaintiff, standing without contradiction, is sufficient to require the court to set this judgment aside.

The cause is therefore remanded, with directions to the court to set the judgment aside, and grant the plaintiff a new trial of the cause.

BENNETT, LEACH, HALL, and HERR, Commissioners, concur.

By the Court: It is so ordered.