### JOHNSTON v. DILL et al.

No. 26693. Jan. 19, 1937.

T. H. Wren and Goode, Dierker & Goode, for plaintiff in error.

Harry H. Rogers, Q. M. Dickason, M. L. Frerichs, and W. A. Ratterree, for defendants in error.

BAYLESS, V. C. J. This matter is before this court for the third time. See Sizemore v. Dill, 93 Okla. 176, 220 P. 352, and Johnston v. Dill, 165 Okla. 165, 25 P. (2d) 283.

It would serve no good purpose to review the history of this litigation over the property involved, but it has been in process since about 1919, or much too long. A reading of our opinions in the above cases will suffice. The parties to the action are familiar with it.

The facts at the time of the trial and judgment involved in our opinion in Johnston v. Dill, supra, established the following legal status. Glenn E. Dill claimed to be the owner of the land through a conveyance from his father and a further conveyance from one Sizemore, who instituted this action in an effort to make good a title Johnston had contracted to convey to him. Sizemore's title, and Dill's, in so far as he claimed through Sizemore, was subject to a lien for the unpaid balance of the purchase price agreed upon between Johnston and Sizemore. Seemingly the trial courts failed to accord Johnston any relief. We reversed the judgment, with directions to foreclose the mortgage, and ordered the pretended defense of the statute of limitations out of the case.

When the mandate in the case of Johnston v. Dill, supra, was received by the district court of Okfuskee county and had been spread of record, Johnston apparently construed the language of our opinion:

"* * * We are holding that if he desires to institute an action within a reasonable time to foreclose his mortgage and the lien which he has for the unpaid balance of the purchase price, he shall not be deemed or held guilty of laches or barred by the statute of limitations"

—to mean that a new and independent action should be filed. The action then pending in the district court, from which the two appeals above mentioned had been taken, was No. 2647. Johnston thereupon filed a new action, 8334, and sought to establish his notes and mortgage and to foreclose the same.

The defendants in that action pleaded the statute of limitations among other defenses. Despite the directions contained in our opinion and mandate, the trial judge indu'ged in discussion of the power of the Supreme Court to direct the trial of the matter. He was of the opinion that that portion of our opinion was in excess of our authority and was not legally sustainable; and also that it was dictum. He thereupon rendered judgment for the defendants upon the defense which we had excluded from the issues. In this the trial court erred.

The contention is now made that the course pursued by Johnston in filing the new action is contrary to our mandate, and that when he abandoned the pending action and filed

a new action there was no restraint upon the defendants in respect of the defenses they might make.

Respecting this contention, we say: It was not our intention that Johnston adopt the procedure he did. Rather, we intended that he recast the pleadings in No. 2647. However, the language we used was reasonably susceptible of the interpretation Johnston gave it, and for this reason we are unwilling to have him suffer as the result of an innocent misconception of our intentions. In addition to this, no authority has been cited to support the defendants' contention regarding their right to make defenses to the new action which they could not make in the old action. We are of the opinion that the defendants were not misled and that no harm or prejudice befell them on the account of the procedure adopted by Johnston.

This is an action of purely equitable cognizance, as were all of the steps in No. 2647. When this court arrived at the conclusion it did in the case of Johnston v. Dill, supra, it had in mind doing equity between the parties; that is, by permitting Johnston to foreclose a mortgage representing the unpaid balance, and thereby giving to Dill an opportunity to pay this balance and save the land.

When the action was commenced in 1919, Glenn E. Dill was a stranger thereto. His entry into the case was as grantee of his father, W. H. Dill, whose claim of ownership was valid until it had theretofore been foreclosed by a sheriff's sale in another action. Thereafter W. H. Dill and his son as his grantee had no valid title and his status was that of an antagonist to Johnston.

Next Glenn E. Dill became the grantee and successor of Sizemore, who was grantee of and in certain respects the agent or representative of Johnston in Johnston's efforts to quiet title against the Dills and make a good title for Sizemore. Glenn E. Dill was now apparently in inconsistent positions: (1) as the grantee of his father, an antagonist, (2) and as grantee of Sizemore, ostensibly friendly. As grantee and successor of Sizemore he was obligated to quiet title against himself and to pay Johnston the unpaid balance. Johnston attempted to cancel the Sizemore contract and to quiet title against Dill, which the trial court refused to let him do and which we declared to be error in Johnston v. Dill, supra.

If we had reversed the judgment with directions to cancel the contract and quiet title against Dill, Dill would have been deprived of his property without an opportunity to perform Sizemore's contract with Johnston, if he desired to do so. This would have been unfair and therefore inequitable as to Dill. The only other method was to permit Johnston to foreclose his mortgage for the unpaid balance, against which we anticipated Dill would plead the statute of limitations, and thereby place Johnston in the same situation from which we were seeking to rescue him. This could not be permitted. It was for this reason we specifically removed the issue of the statute of limitations as a defense. The trial court refused to follow the procedure outlined, apparently upon the theory that this court had no authority to define the issues.

The power of this court to reverse a judgment is undoubted, as likewise is its power to direct the proceedings to be followed upon retrial. It is especially to be exercised in equitable cases to accomplish equitable ends. See 2 R. C. L. 284, sec. 239, et seq.; 4 C. J. 1193, et seq.; and Blue v. Blue, 92 W. Va. 574, 116 S. E. 134, 30 A. L. R. 1169.

The following cases are examples of the exercise of the power of appellate courts to remand cases for further proceedings in keeping with the equities disclosed by the record: Collins v. Ramish, 182 Cal. 360, 188 P. 550; Kemp v. Kemp, 248 Mass. 354, 142 N. E. 779; Baxter v. Weber, 295 Mo. 554, 246 S. W. 232; Goins v. Atwood, 197 N. Y. S. 781; Simpson v. First National Bank, 94 Ore. 147, 185 P. 913; Burr v. Mutual Life Ins. Co. of N. Y., 96 Ore. 14, 188 P. 962; and Riley v. Wrightsville, etc., Ry. Co., 133 Ga. 413, 65 S. E. 890, 24 L. R. A. (N. S.) 379.

The judgment of the trial court refusing to follow our mandate must be reversed. In view of the arguments made herein, we believe it would be best for the trial court to consolidate the two cases, require the parties to join issue on the mortgage foreclosure and retry the matter. Those opposing Johnston should be permitted to defend upon any ground they have except laches or statute of limitations. We specifically direct the trial court not to admit this defense.

The judgment of the trial court refusing to obey the mandate of this court is reversed, with directions to proceed in conformity herewith, taxing the cost of this appeal against Dill.

OSBORN, C. J., and BUSBY, WELCH, PHELPS, CORN, GIBSON, and HURST, JJ., concur. RILEY, J., absent.