STULL et al. v. HOEHN et al.

No. 30314.  May 12, 1942.

Rehearing Denied June 16, 1942.
Application for Leave to File Second Petition for Rehearing Denied
June 30, 1942.

*126 P. 2d 1007.*

D. D. Stull, of Enid, for plaintiffs in error.

Simons, McKnight, Simons, Mitchell & McKnight, of Enid, for defendants in error.

PER CURIAM. This is a proceeding brought by D. D. Stull and Mary L. Stull to vacate and set aside a judgment and order of the trial court overruling the motion for new trial.

On the 1st day of April, 1937, plaintiffs, D. D. Stull and Mary L. Stull, filed their petition to have a deed absolute on its face declared a mortgage. The action was filed against William F. Hoehn and J. W. Knox, who filed their answer denying the allegations made in the petition and asserting ownership in the property involved in J. W. Knox.

Issues being joined, the action was tried to the court and a judgment entered for the defendants on December 6, 1937.

On the 24th day of May, 1940, the plaintiffs filed an application to vacate the judgment, and on October 3, 1941, the court denied the application, from which order this appeal is taken.

The evidence discloses that on February 7, 1930, J. W. Knox entered into a contract with the plaintiffs agreeing to convey to D. D. Stull lots 26 and 27 in block 18, Jonesville Addition to Enid, Okla. A general warranty deed conveying the premises to D. D. Stull was executed and placed in the First National Bank of Enid, Okla. Plaintiff D. D. Stull took possession of the property, which was an apartment house, and operated the same until April 2, 1932. At the time of the purchase of the property the same was covered by a real estate mortgage of $6,000, which had been paid down to $5,000. Plaintiffs assumed and agreed to pay the mortgage. It fell due April 2, 1932, plaintiffs were unable to pay the mortgage, and plaintiffs and defendant W. F. Hoehn entered into an agreement under date of April 2, 1932, allowing the plaintiffs 90 days to attempt to secure the necessary funds to pay the mortgage. Meanwhile defendant W. F. Hoehn, who had indorsed the original note evidencing the mortgage indebtedness, paid the mortgage and took an assignment thereof. On June 27, 1932, plaintiffs executed a general warranty deed to the property to the defendant Knox, and at the same time plaintiff D. D. Stull executed a bill of sale conveying certain personal property in the apartment, and on July 2, 1932, directed the First National Bank of Enid, Okla., to deliver the deed of February 7, 1930, to the defendant Hoehn.

It was the contention of the plaintiffs at the trial that this set of circumstances created the deed executed June 27, 1932, a mortgage, which position was held untenable by the trial court and a general judgment entered for the defendants.

Plaintiffs were represented through-

out the trial by the firm of McKeever, Stewart & McKeever. This firm filed the petition, conducted the trial, filed the motion for new trial, and approved by their "O. K." the journal entry of judgment which contained, among other things, the order and recitation overruling the motion for new trial. This journal entry was filed the 8th day of December, reciting a judgment entered December 6th, the filing of the motion for new trial, which occurred on December 7th, and the overruling of the same on December 8th, giving time in which to perfect an appeal by case-made. The application filed on May 24, 1940, to vacate the judgment of December 6, 1937, and the order overruling the motion for new trial were filed by McKeever, Stewart & McKeever, and in ten separate paragraphs attacked the legality of the judgment and especially the order overruling motion for new trial, and all the allegations therein contained are based, in substance, on the proposition that Mr. H. G. McKeever had no authority to approve the journal entry of judgment; that there was an agreement by the attorneys representing the plaintiffs that the journal entry would be submitted to him; that there was no hearing on the motion for new trial.

The court conducted a full hearing on the motion to vacate, giving ample opportunity to the plaintiffs to show where they had been prejudiced or wherein either the judgment or the order overruling the motion for new trial was irregular, and at the conclusion denied the motion to vacate, from which final order plaintiffs have appealed.

The plaintiffs have presented ten allegations of error, which they argue in their brief in five general propositions: (1) That the irregularity in obtaining the order appealed from entitles plaintiffs to have the same set aside; (2) the record of the journal entry in the case is not a true record and the plaintiffs are not bound thereby; (3) the plaintiffs are not bound by the act of H. G. McKeever in approving the journal entry; (4) the court applies a liberal rule to the vacating of the judgment under section 556, O. S. 1931, 12 Okla. St. Ann. § 1031; and (5) the judgment rendered by the trial court on December 6th is absolutely void.

The order appealed from in the case at bar is the order of the trial court entered on October 3, 1941, refusing to vacate the order overruling the motion for new trial. Under subdivision 3 of section 556, supra, the district court is authorized to vacate, modify, or correct its judgment where the same has been irregularly entered. Under the provisions of section 557, O. S. 1931, 12 Okla. St. Ann. § 1032, the application should be made by motion upon due notice to the adverse party. Jones v. Gallagher, 64 Okla. 41, 166 P. 204.

The judgment rendered by the trial court on December 6, 1937, is not alleged to be irregular. As hereinafter stated, it is alleged to be void. We therefore address our remarks to the claim of the plaintiffs that the journal entry filed on December 8th and approved by the attorneys for the plaintiffs was irregular for the above assigned reasons. We hold that there was no showing of irregularity in the entry of the order overruling the motion for new trial, which appears to be the chief complaint of the plaintiffs. They were represented by able attorneys, and when the trial court asked D. D. Stull at the hearing on the motion to vacate the order overruling the motion for new trial what was wrong with the journal entry and the order overruling the motion for new trial that rendered it irregular, he was unable to state any irregularity other than to rely on the affidavit of his counsel and his own affidavit submitted by him in his application to vacate the order overruling the motion for new trial.

We have held that an application to vacate a judgment under section 556, supra, is addressed to the sound legal discretion of the trial court. Bell v. Knoble, 99 Okla. 110, 225 P. 897; Morrison v. Swink, 128 Okla. 97, 261 P. 209; Nation v. Savely, 127 Okla. 117, 260 P. 32; McKinney v. Swift, 135 Okla. 164,

274 P. 659. In Morrison v. Swink, supra, this court considered the irregularity in overruling a motion for new trial somewhat similar to the case at bar. The fact situation in this case is much stronger in support of the discretion exercised by the trial court. Although there is an allegation made in the motion to vacate supported by the affidavit of counsel for the plaintiffs that they had no authority to approve the journal entry submitted to the trial court, we must consider this statement as a mere conclusion. Plaintiff D. D. Stull was given every opportunity to prove that he was overreached or prejudiced in any manner, and the record is wholly lacking of any such proof. We conclude, therefore, that if there was any irregularity in the order overruling the motion for new trial, it was not such an irregularity as would justify this court in reversing the order of the trial court refusing to set the same aside.

Neither do we consider the original judgment void because of the execution of the deed and the exceptions therein of the mortgage which was on the premises at the time of the original conveyance. This mortgage was made to John Mahoney, and as aforesaid had been paid by the defendant Hoehn and the assignment made to him. We think the record substantially reflects that when the deed of June 27, 1932, was given plaintiffs had conceded their inability to finance the obligation necessary to retain the property, and this was clearly evidenced by the direction of plaintiff D. D. Stull on July 2, 1932, exactly 90 days after the execution of the extension agreement, that the deed be delivered to the defendant Hoehn.

Likewise, we are unable to concur in the final proposition of the plaintiffs that they were overreached by the conveyance of the personal property made on the same date as the deed of June 27, 1932.

Finding no error in the order of the trial court, the same is in all things affirmed.

CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, HURST, and DAVISON, JJ., concur. WELCH, C. J., and ARNOLD, J., absent.