LE ROI CO. et al. v. GRIMES.

No. 31112. Nov. 9, 1943.

Rehearing Denied Jan. 25, 1944.

*144 P. 2d 973.*

B. M. Parmenter and Albert G. Kulp, both of Oklahoma City, for plaintiffs in error.

Harlan Grimes, of Grapeland, Tex., for defendant in error.

PER CURIAM. Plaintiff, Harlan Grimes, filed his petition seeking to recover from the Le Roi Company, a corporation, and B. M. Parmenter, $2,000 for services rendered in an action in the federal court for Le Roi Company. Plaintiff alleged that this was a reasonable fee for his services.

Defendant B. M. Parmenter filed an answer and cross-petition alleging the association of plaintiff and defendant Parmenter in 1931. He further alleged that he has now pending five cases in the Supreme Court of this state; that plaintiff is interfering with the due prosecution thereof by the defendant Parmenter. He alleged a mutual dissolution of the association and that the plaintiff had been fully paid any amount due. He alleged clandestine practice by the plaintiff during the association and a failure to account for fees collected by the plaintiff. He prayed for (1) an injunction preventing the interference by the plaintiff with the defendant in the prosecution of the five cases in the Supreme Court; (2) an accounting for all business done and fees collected by the plaintiff during the association with the defendant Parmenter.

On the 9th day of March, 1931, the firm of Yancey & Douglass, who filed the action for plaintiff, withdrew as counsel for the plaintiff. On the 13th day of March, 1939, plaintiff dismissed his action without prejudice. On the 20th day of March, 1939, the defendant Parmenter filed a motion for judgment. On the 14th day of April, 1939, the trial court entered judgment on the pleadings. This judgment (1) granted injunctive relief against interference by the plaintiff with the defendant in his prosecution of the five causes of action in the Supreme Court; (2) ordered an accounting.

On the 13th day of February, 1941, plaintiff filed an application to vacate the judgment for fraud practiced in the procurement thereof. The defendants demurred thereto. On the 18th day of August, 1942, the judgment was vacated and set aside. The defendants have appealed and in eleven allegations of error present two general propositions.

It is first argued that the allegations in the application to vacate failed to disclose any fraud practiced by the defendant Parmenter in the procuring of the judgment. With this contention we agree. When the attorneys for the plaintiff withdrew and he voluntarily dismissed his action on the 13th day of March, 1939, there was on file an answer and cross-petition which alleged facts which constituted a cause of action in favor of the defendant Parmenter and against the plaintiff Grimes. It was the duty of the plaintiff Grimes to appear and answer the allegations of the cross-petition. This he failed to do. On the 20th day of March, 1939, when the defendant filed his motion for judgment, the plaintiff was in default. Under the rules of the trial court the cause should have been placed on the default docket. Thereupon the defendant Parmenter was entitled to a default judgment. He was not entitled to a judgment on the pleadings. A judgment on the pleadings should be entered only where the pleadings do not raise any questions of fact to be tried after the issues have been made up. Little v. Employer's Casualty Co., 185 Okla. 481, 94 P. 2d 535. And a

judgment entered before the issues are made up is premature. Welch v. Ayres, 190 Okla. 97, 121 P. 2d 576. We know of no case holding that it is proper to enter a judgment upon the pleadings where one of the parties stands in default. The judgment was therefore an irregular judgment within the terms and meaning of 12 O. S. 1941 § 1031, subd. 3, for the reason that it was entered upon a motion for judgment upon the pleadings when the proceedings should have been against the plaintiff because he was in default. We are further of the opinion, and hold, that the trial court was justified in finding that the defendant Parmenter failed to comply with the local rule of the trial court which required the setting of the judgment on the default docket. See, in this connection, Sizemore v. Dill, 93 Okla. 176, 220 P. 352; Home State Bank v. Haynes, 144 Okla. 190, 290 P. 338; Stull v. Hoehn, 191 Okla. 190, 126 P. 2d 1007. This court has held that a judgment or order correctly rendered will not be disturbed on review because the court assigned a wrong reason for its rendition. St. Louis-S. F. R. Co. v. Matthews, 174 Okla. 167, 49 P. 2d 752. We cannot say, therefore, that the allegations were insufficient to show that the judgment was irregularly entered. The court was justified in setting the same aside under the terms of 12 O. S. 1941 § 1031, subd. 3. An application to vacate a judgment under the 3rd subdivision of 12 O. S. 1941, § 1031, supra, for irregularity in obtaining said judgment is addressed to the sound legal discretion of the trial court and the order made thereon will not be disturbed on appeal unless it clearly appears that the trial court has abused that discretion.

The second contention of the defendants is that the allegations in the application to vacate the judgment did not show that the plaintiff had a defense to the answer and cross-petition of defendant. With this contention we cannot agree. The allegations in the answer and cross-petition were matters of fact. They had been formerly controverted in the petition filed by the plaintiff. There is no doubt that the

defendant Parmenter had long been advised of the contention of the plaintiff that he was entitled to a fee in the equity proceedings defended in the federal court by him and the plaintiff for the Le Roi Company. The application to vacate the judgment set out in detail the contention of the petitioner in this respect.

The order of the trial court vacating the judgment is affirmed.

CORN, C.J., and RILEY, OSBORN, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur. GIBSON, V.C.J., and HURST, J., absent.