Farris W. BLYTHE (James P. Blythe, sole heir, substituted) Pearl Johnston, nee Blythe and Elizabeth Anderson, Appellees,

v.

Jewel HINES, Appellant.

No. 48517.

Supreme Court of Oklahoma.

Nov. 22, 1977.

Rehearing Denied May 3, 1978.

Reed, Hurst & McNeil by Phil S. Hurst, Sulphur, for appellees.

Charles Nesbitt, Oklahoma City, for appellant.

DOOLIN, Justice:

We granted certiorari on September 9, 1977, under Rule 3.15 of the Court of Appeals, 12 Ch. 15, App. 3. No application for additional briefs alleging good cause has been filed by either party; this matter will be decided on the briefs heretofore filed.

The facts are not disputed.

Upon the death of a "common ancestor," Tom F. Blythe, the real property of deceased descended in undivided interests to decedent's widow, Jewel Hines (defendant herein) and his mother, (plaintiff's grantor). Defendant and plaintiffs' grantor effected a voluntary partition of the subject land, the effect of which we are called upon to determine. In July of 1959, the parties exchanged deeds and other valuable consideration between themselves, affecting various tracts of the common ancestor.

The Special Warranty Deed [1] creating the interest of the party, states in pertinent

1. Parties have stipulated and agreed that the ruling in the instant case shall be dispositive and determine the rights of parties to like or similar conveyances of property made in the voluntary partition.

part that the defendant grants, bargains, sells and conveys to plaintiffs' predecessor in title all her right, title and interest, "in and to the surface estate" to the questioned real properties. The description then follows, as well as an habendum and other usual clauses. Execution, signature and acknowledgment are not in question.

The plaintiffs, who as successors in title to original grantor, brought a quiet title action in November of 1975, against the defendant widow claiming the deed in question vested title to the sand, gravel, limestone and rock in, upon and underlying the questioned property in them.

■ We must determine what interests were created by the grant of the *surface estate.*

The trial court found the limestone was an integral part of the surface estate; that the granting words were not ambiguous and therefore parol or extrinsic evidence should not be allowed or considered as to the intent of the parties to the partition. The Court of Appeals affirmed.

We do not fully agree with the trial court or the Court of Appeals.

We are of the opinion the recent case of *Riedt v. Rock Island Improvement Company,* 521 P.2d 79 (Okl.1974) is controlling when an interpretation of grants or reservations of mineral and surface is made. The case says, at page 83:

"In determining what the parties intended by a contract, the court should, as far as possible, place itself in the position of the parties when the contract was made, and to the extent that their mutual intention is ascertainable and lawful, give effect thereto. *King-Stevenson Gas & Oil Co. v. Texam Oil Corp.* (1970), Okl., 466 P.2d 950. It is the primary concern

of the parties to which we will look (*Panhandle Co-operative Royalty Co. v. Cunningham* (1972), Okl., 495 P.2d 108, 115), recognizing that it is settled law in this jurisdiction that the cardinal rule to be applied in construing deeds is to ascertain the intent of the parties (*Birmingham v. McCoy* (1961), Okl., 358 P.2d 824) as that intent may be discerned from the instrument itself, taking it altogether, considering every part of it, and viewing it in light of the circumstances existing at the time of its execution. *Lahman v. Bassel* (1962), Okl., 373 P.2d 245. *Dwelle v. Greenshields* (1957), Okl., 305 P.2d 1038.

\*   \*   \*   \*   \*   \*

In sum, assuming that the word "surface" as used in the deed here is uncertain, and this court has recognized that it has been so held by other courts in different situations, *Mack Oil Company v. Laurence,* Okl., 389 P.2d 955 the modern tendency is to treat all uncertainties in a conveyance as ambiguities to be clarified by resort to the intention of the parties as gathered from the instrument itself, the circumstances attending and leading up to its execution, and the subject matter and the situation of the parties as of that time (23 Am.Jur.2d 159), and that is what we shall do."

We conclude that under the facts in this case the grant of the "surface estate" with no reservation of minerals, oil and gas or any previous conveyance affecting any portion of the fee simple title was ambiguous.[2] In a definitive work concerning Oklahoma mineral estates, "What Surface is Mineral and What Mineral is Surface?" The author[3] concludes:

"1. In the light of adjudications, elsewhere, over these terms and the recognition of certain of them by the Supreme

---

2. In *Holland v. Dolese Company,* 540 P.2d 549 (Okl.1975), an interest was claimed in limestone in place on certain property, because of a reservation of one-half of the mineral rights. This court held under the evidence submitted, that the reservation did not include the limestone. It does not necessarily follow, however,

that the terms "mineral rights" and "surface" are always mutually exclusive and therefore "surface" unambiguously refers to limestone, regardless of the custom and usage in the area.

3. Don Emery, 12 Okla.Law Review 499, 518 (1965).

Court of Oklahoma, "mineral" and "surface" are regarded as ambiguous and uncertain in their scope, except that in a popular sense and within limits, "surface" is definite to an extent, in that, standing alone, it has always meant at least that part of the land devoted to agricultural and grazing purposes, and "minerals" is definite to an extent, in that it has meant, for a considerable period, those substances recoverable from the earth for profit by conventional shaft mining processes.

2. Beyond the limits set forth in paragraph 1 above, "surface" and "minerals" become ambiguous. If such terms are not given clarity by their contextual setting, resort to extrinsic evidence to ascertain intention is permissible, bearing upon the relationship of the parties, the purpose of the conveyance, the business in which they were engaged, the value of the disputed substance for commercial purposes, its intimacy or lack of intimacy with the soil, and any express oral understanding between the parties concerning the particular substance, and other relevant matters."

Quoting again from *Riedt v. Rock Island Improvement Company, supra*, p. 83:

"The word (surface) takes on different meanings in different situations, for example, in *Ramage v. South Penn Oil Co.* (1923), 94 W.Va. 81, 118 S.E. 162, the court's syllabus states:

'The term "surface," when used as the subject of a conveyance, is not a definite one capable of a definition of universal application, but is susceptible of limitation according to the intention of the parties using it; and in determining its meaning regard may be had not only to the language of the deed in which it occurs, but also to the situation of the parties, the business in which they were engaged, and to the substance of the transaction.'

Again, the word has also been recognized as one of limitation, that is, something less than 'land' with its inclusive qualities (*Dolan v. Dolan* (1911), 70 W.Va. 76, 73 S.E. 90; see A.L.R. Annotation, 31 A.L.R. 1530 following Ramage opinion at p. 1509). Other observations of what 'surface,' or 'surface' with other descriptive words, may refer to are found in *Yuscavage v. Hamlin et al.* (1958), 391 Pa. 13, 137 A.2d 242 where 'surface' equates to 'land' because of other references to 'land' in the deed; in 40A Words and Phrases p. 448—case summaries; in *Tate v. United Fuel Gas Co. et al.* (1952), 137 W.Va. 272, 71 S.E.2d 65—where the Sup. Ct., W.Va. adverted to earlier holdings that for the purpose of contrasting the terms 'minerals' and 'surface,' the word 'surface,' when used without any qualifying phrase in a deed, ordinarily signified only the superficial part of land."

Concluding the term "surface" is ambiguous, it necessarily follows the trial court was in error in refusing the offers of parol and extrinsic evidence made by the defendant.

15 O.S. 1971 §§ 151–177 set forth statutory law applicable to interpretation of this or any contract. Section 153 requires "the rules of this chapter to be applied to interpretation of deeds." Without unduly emphasizing any one section over the other, sections 152, 157, 164 and 170 appear to be applicable to the present matter. "If the intention of the parties to the deed is plain, parol evidence is not admissible to prove an intention different from the terms of the deed, but where a deed possesses an element of uncertainty, parol evidence, the admissions of the parties, and other extraneous circumstances may be proved to ascertain its true meaning." [4]

■ The trial court was correct when it considered evidence of the effect of the destruction of, or impairment of the agricultural rights to the surface. In the article, "What Surface is Mineral and What

4. *Hudson v. Lee*, 393 P.2d 515, Syllabus 1. by the Court (Okl.1964); *Lanford v. Cornett*, 415 P.2d 984, Syllabus 1. by the Court (Okl.1966);

*Trumbla v. State Commissioners of the Land Office*, 191 Okl. 119, 126 P.2d 1015, 1018 (1942).

Mineral is Surface?", supra, the author states, at page 519:

"A substance, such as bauxite containing aluminum, that can be extracted from the earth for profit, but is so intimately a part of the soil that its extraction cannot occur without substantial impairment of the use of the surface, as by open pit or strip mining, is not covered by a conveyance, devise, exception or reservation of 'minerals,' but is covered by a conveyance, devise, reservation or exception of 'surface.' There can and should be no distinction between such a substance that is of rare and exceptional value, such as china clay, and a substance of lower value, such as gravel or sand. It is their indestructible intimacy with the soil and with the use of the 'surface' that serves to classify the substances as 'surface.' Such a result should commend itself to the jurists of a jurisdiction whose economic interests lie predominantly at the surface rather than the subsurface."

It is our considered opinion that evidence of the impairment of use for agricultural purposes and the availability of the limestone under the facts and circumstances of this case must be considered by the trial court in arriving at a decision. This is not to say that it is the deciding factor or the only evidence to be considered but rather that such evidence must be weighed along with the intent of the parties as heretofore stated. The problem facing the trial court is one determining the weight of evidence.

We are asked to decide the questions presented upon the existing record. The plaintiff seeks affirmation, the defendant a judgment on her behalf. We refuse either disposition. We will not deny the plaintiff the right of rebuttal to the defendant's proffered evidence; neither will we deny defendant's proper counter measures. It would be unfair, unjust and inequitable [5] to grant judgment for either party with only a partial record. We said in *Johnston v. Dill*, 179 Okl. 32, 64 P.2d 329, 330 (1937):

"The power of this court to reverse a judgment is undoubted, as likewise is its power to direct the proceedings to be followed upon retrial. It is especially to be exercised in equitable cases to accomplish equitable ends . . ." (Citing examples).

Cause is reversed and remanded for further proceedings in harmony therewith.

All the Justices concur.

5. 5 Am.Jur.2d appeal an error § 962 & 963.