### HATFIELD v. HATFIELD.

No. 7328—Opinion Filed June 13, 1916.
(158 Pac. 942.)

1. **Divorce—Alimony—Judgment—Modification.**

Upon a motion and notice to modify a judgment decreeing alimony, made after the expiration of the term at which such judgment is rendered, where it appears that the original journal entry of judgment was submitted to the court in the presence of the counsel for both sides, there discussed, and its terms finally settled and signed by the court, such court is not justified in modifying such judgment upon the ground that the order did not express the proper intention at the time, according to his recollection, and in contradiction to the records then made.

2. **Judgment—Modification—"Irregularity."**

An "irregularity," within the meaning of subdivision 3 of section 5267, Rev. Laws 1910, is some departure from the prescribed procedure in the trial, or in the determination of the action, not evidenced by a ruling or an order.

(Syllabus by Galbraith, C.)

Error from District Court, Garfield County; James W. Steen, Judge.

Motion by L. G. Hatfield to modify a decree adjudging alimony to Maggie J. Hatfield. Motion granted, and Maggie J. Hatfield brings error. Reversed and remanded, with directions.

Hills & Manatt, for plaintiff in error.

F. E. Chappell, for defendant in error.

Opinion by GALBRAITH, C. This appeal is from the order of the trial judge modifying a decree allowing alimony to the divorced wife, made upon notice and motion presented after the adjournment of the term at which the decree was made. It appears from the record that on the 17th day of May, 1913, in an action pending in the district court of Garfield county by Maggie Hatfield against L. G. Hatfield, a decree of divorce was granted the plaintiff on the ground that "the defendant had been guilty of cruel and inhuman treatment toward the plaintiff." The decree also adjusted the property rights of the parties. It was found that by their joint effort they had accumulated 80 acres of land, live stock, machinery, and $8,000 in money, and "that the plaintiff is entitled to approximately one-third of the joint accumulations of herself and her husband during their married life, and that the defendant shall pay the plaintiff the sum of $2,500, the sum to be paid in the following manner, to-wit, $1,000 within 10 days, $500 on the 17th day of May, 1914, a like sum on the 17th day of May, 1915, and the same amount on the 17th day of May, 1916; each of the payments to draw interest at the rate of 7 per cent. per annum from the date of the decree. It was further ordered that the defendant should pay all costs including an attorney's fee for the use of the plaintiff's attorney in the sum of $200." The decree did not award the custody of the children, but left it to them to elect "to live with either their father or their mother," and gave to each party the right to visit the children, and provided that in case said children remain with their

father the above and foregoing alimony shall be in full of all alimony herein. The court further finds that, "in case the plaintiff shall die or remarry, in that event the further payment of alimony shall cease." The real estate was decreed to the defendant, subject to the lien of the alimony prescribed by the decree.

In December, 1914, upon notice to the plaintiff, the defendant presented a motion to the court to modify the decree allowing alimony to the plaintiff on the ground that the decree was entered by mistake, in this, that it did not express the intention of the court in pronouncing the same. The plaintiff objected to the consideration of the motion on the ground that the decree had become final since it had not been appealed from, and that the term had lapsed, and the court had no jurisdiction, after the term, to modify the decree upon motion. This objection was overruled. The court proceeded to hear testimony, and found that the decree did not express the intention of the court as the court then remembered its intention. It appeared upon the hearing on the motion that the first and second payments, as set out in the decree, had been paid. It also appeared that all of the children had elected to remain with the father, and that he had provided for their support and maintenance. It also appeared that the financial status of the defendant was about the same as at the time the decree was made. The court found, in part, as follows:

"The judgment I intended to make was that she was to be paid $2,500, and with the belief, as it was presented during the trial, that the children was to live with her and left it with the option of the children to live with either, and I think in my statement that she would be allowed an additional sum to provide for them, if they remained along and stayed with her, she was to have the balance, and when I saw the entry, I saw it didn't comport exactly with my intentions. My intention was to [sic] $2,000 and the $500 made payable at the last end, and that, if the children went to her, it was to be paid, and if they didn't go it was to be taken off. That is my recollection of the judgment. That is why I say the entry was different from what I thought it was. I intended to call counsel's attention to it, and I never thought about it until today, when the motion was filed. I said then the last payment was not intended to be paid. Such being the case, I find that it was put in there by mistake or oversight, and I assume my full share of the responsibility, and the defendant will be released from the payment of the last payment, on condition that within 10 days he pay cash on the payment that is due in May. To all of which the plaintiff is entitled to exceptions, and exceptions allowed."

A motion for new trial was filed and overruled and exceptions taken, and time given to make and serve case. The petition in error and case-made were duly filed in this court.

The principal assignment of error is that the order of the court modifying the decree was contrary to law, and contrary to the evidence, and was not supported by the evidence.

The trial court seems to have preceeded upon the theory that he had power to modify the decree allowing alimony under subdivision 3 of section 5267, Rev. Laws 1910, which provides for the vacation or modification of a judgment upon motion "for mistake, negligence, or omission of the clerk, or irregularity in obtaining a judgment or order."

In Stanfield v. Stanfield, 22 Okla. 574, 98 Pac. 334, it was held by this court that a decree of divorce awarding the custody of the children could not be modified after the term, upon motion, and that the decree allowing alimony not affected by fraud or mistake, was not subject to such modification upon motion, after adjournment of the term at which the decree was entered. The second paragraph of the syllabus reads as follows,

"Where, in case a divorce is decreed for the aggression of the husband, and alimony is adjudged to the wife in accordance with an agreement of the parties, duly entered into and made a part of such decree, the same, unaffected by fraud or mistake, is not subject to modification, upon motion filed by the former husband, after the term at which the original decree was made."

Assuming, for the purposes of this decision, that the attorney for the plaintiff made a mistake in drafting the journal entry of the decree, and that the same did not express the intention of the court at the time in pronouncing it, no argument is required to support the proposition that this would not be "a mistake, negligence, or omission of the clerk," and that relief against the same could not be granted under the provisions of subdivision 3. There can be no doubt that the decree was regularly obtained, that is, both parties to the action appeared in person and by counsel, issue was joined, and testimony taken, and the court pronounced the decree in the form and manner prescribed by the Code of Procedure. Now, was there "an irregularity in obtaining a judgment or decree?" It is not disputed that, before the journal entry of the decree was signed, it was taken up with the court in the presence of the counsel of both parties. Counsel for the defendant admits on one occasion, and counsel for the plaintiff contends on two separate occasions, that there was a controversy about the form of the decree, on account of which the attor-

ney for the defendant refused to O. K. the journal entry. This fact was called to the attention of the court, and he remarked that the O. K. of the attorney was not necessary, that he would sign it anyway, and he did sign it. What constitutes "an irregularity" within the meaning of a statute similar to subdivision 3 of section 5267 is difficult to define. See Cross et al. v. Gould et al., 131 Mo. App. 585, 110 S. W. 672; Griggs v. Hanson, 86 Kan. 632, 121 Pac. 1094, 52 L. R. A. (N. S.) 1161, Ann. Cas. 1913C, 242; Ex parte Cooks, 61 Tex. Cr. R. 449, 135 S. W. 139; State v. Lazarus, 83 S. C. 215, 65 S. E. 270; State v. Norton, 69 S. C. 454, 48 S. E. 464; Merritt v. Graves, 52 Wash. 57, 100 Pac. 164; Chase v. Trout, 146 Cal. 530, 80 Pac. 81; Gay v. Torrenee, 145 Cal. 144, 78 Pac. 540. Cooley on Constitutional Limitations (7th Ed.) 588, defines it as:

"The failure to observe that particular course of procedure which, conformable with the practice of the court, should have been observed in the case."

The Supreme Court of California, in Gay v. Torrance, supra, in discussing the term "irregularity" as used in an analogous statute as a ground for new trial, and considering the question as to whether or not the misconduct of the trial judge was within the term "an irregularity in the procedure of the court," said:

"The language of the statute is sufficiently broad to include any departure by the court from the due and orderly method of disposition of an action by which the substantial rights of a party have been materially affected, where such departure is not evidenced by a ruling or order that may be made the subject of an exception."

If the irregularity is evidenced by a ruling or an order, it is subject to an exception, and the proper method for the correction of such an irregularity is by appeal, in the manner provided for corrections of error on appeal.

In the case at bar, the irregularity, if any, is evidenced by an order, and it was subject to an exception. The record does not show that the defendant excepted to this particular part of the decree. The only exception was a general one to the entire decree. In his motion for a new trial filed in the divorce proceedings, the grounds thereof are as follows:

"(1) That the judgment rendered by the court is contrary to law.

"(2) That the judgment of the court rendered in said cause is contrary to the evidence.

"(3) That the amount of alimony given by the court to the plaintiff is excessive, appearing to have been given under the influence of passion and prejudice.

"(4) For errors of law occurring at the trial and excepted to by the defendant at the time."

The entries on the judge's trial docket made at the time the decree was entered shows as follows:

"5-7-13. Decree for plaintiff. Plaintiff given alimony in the sum of $2,500.00, payable, $1,000.00 in ten days, the balance $500.00 per year, 7 per cent. interest, costs, including $200.00 attorney's fees, taxed to the defendant.

"6-6-13. Motion for new trial overruled. Exceptions."

The journal entry of the decree is in exact compliance with these entries from the judge's minutes, and these minutes and journal entry, and the testimony of the attorney for the plaintiff, all tend to establish the fact that there was no mistake in the journal entry of the decree, and that it was exactly as the judge pronounced it, and as the parties understood it at the time. The only evidence to the contrary and in support of the ground of the motion to vacate is the recollection of the trial judge, as evidenced by his findings set out above. Under such conditions, we are constrained to hold that the evidence does not support the contentions of the defendant in error that there was a mistake by the attorney in drafting the journal of the judgment.

We therefore conclude that the judgment appealed from should be reversed, and the cause remanded to the trial court, with directions to vacate the order modifying the decree, and for such further proceedings as may be proper.

By the Court: It is so ordered.