## DUNCAN v. WILKINS.

No. 13753—Opinion Filed Oct. 14. 1924.

### Judgment—Grounds for Vacation After Term.

Errors of the court in permitting an amendment of the petition after judgment, and in fixing the amount of an attorney's fee, and in rendering judgment on the verdict of a jury, do not constitute any of the grounds specified in the statute for vacating or modifying a judgment on motion filed after the term at which the judgment was rendered has expired.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Seminole County; John L. Coffman, Judge.

Action by J. H. Wilkins against J. F. Duncan. Judgment for plaintiff, and defendant appeals. Affirmed.

H. W. Carver, for plaintiff in error.

John W. Wilmott and R. J. Roberts, for defendant in error.

Opinion by RAY, C. This appeal is from an order overruling a motion to open and modify a judgment filed at the next term after the judgment complained of was entered. The judgment was rendered by J. W. Bolen, district judge, in the district court of Seminole county, and the motion was heard and denied by John L. Coffman, judge. The trial was had January 8, 1921, and the verdict returned against the defendant, plaintiff in error, for $74.68, with interest at eight per cent. from the 5th day of April, 1919. On the same day the plaintiff filed motion for a new trial which came on for hearing on the 20th day of September, 1921, at which time motion for new trial was overruled, and plaintiff given leave to amend its petition by asking for additional attorney's fee, and a journal entry of judgment was signed by the judge of the court on the following day, which was filed of record on the 21st day of October, 1921. That part of the journal entry necessary to present the questions complained of, after approving the verdict, is as follows:

"* * * And upon the question reserved for decision of the court, to wit, the question as to the amount of attorney's fees to which plaintiff is entitled, and the question as to the foreclosure of the mortgage sued upon, the court 'permits the plaintiff to amend his petition by asking for an attorney's fee in the sum of $150 finds that the plaintiff is entitled to recover in addition to the amount of the verdict the sum of $150. as attorneys' fees, and is entitled to have said mortgage foreclosed and the property therein described sold by the sheriff of Seminole county and the proceeds thereof applied in payment of the judgment herein including interest, attorneys' fees and costs, the court further finding that said mortgage constituted a good and valid first lien upon the property therein described, and that the defendant has breached the terms thereof and that said mortgage should be foreclosed."

At the next term of court, fixed by statute as commencing on the first Monday of November, 1921, defendant's motion to open and modify the judgment was filed. The grounds upon which relief is sought as set out in the motion are as follows:

"1. The journal entry of said judgment, which journal entry is signed by J. W. Bolen, district judge, purports to render a judgment against this defendant in the sum of $74.68 dollars, and $150 additional, as attorney's fee; that said journal entry attempts to fortify and bolster up such act by reciting that the plaintiffs were permitted to amend their petition after verdict asking for the aforesaid amount as attorney's fee. Defendant would expressly show, and expressly shows from the judgment roll and from the minutes of the court clerk that no such judgment was ever rendered by J. W. Bolen as he purported to render by signing said journal entry of judgment filed in this case on the 21st day of October, 1921.

"2. Defendant would further show that the verdict of the jury in this case being in the aforesaid sum and less than $100, that the sum of $150 would be an unreasonable attorney's fee, and that even on the principles of justice and right, if such judgment had been actually rendered by the court, which was not rendered, as shown by the records of the court, the same should be modified within reasonable bounds.

"3. Defendant further states that the court was without authority after the verdict of the jury to permit the plaintiff in this action to recoup, or counteract and destroy the effect of the verdict of the jury by asking that an additional sum as attorney's fees be added to the prayer for attorney's fees already made and such additional amount, together with the original amount asked for included in the judgment in this case."

Counsel, in his brief, argues three questions: (1) That upon the evidence plaintiff was not entitled to recover interest; (2) that the court was without authority to permit the petition to be amended after judgment; and (3) that the attorney's fee allowed was excessive.

The statute upon which plaintiff in error relies for relief is not pointed out but it is, apparently, subdivision 3, section 810, Comp. Stat. 1921, which empowers the district court to vacate or modify its own judgment or orders at or after the term in which such order was made for irregularity in obtaining a judgment or order. This subdivision of the statute was construed by this court in Hatfield v. Hatfield, 59 Okla. 132, 158 Pac. 942, where it was said:

"An irregularity, within the meaning of subdivision 3 of section 5267, Rev. Laws 1910, is some departure from the prescribed procedure in the trial, or in the determination of the action, not evidenced by a ruling or an order."

While the proceedings complained of appear to be irregular, and of unusual char-

acter, they were irregularities of the trial judge in making the order and rendering a judgment, and not irregularities on the part of the clerk or the opposing party or his attorney. Chief Justice Williams, in McAdams v. Latham, 21 Okla. 511, on page 520, 96 Pac. 584, said:

"The trial courts, after judgments or decrees or orders have once become final, and the term at which the same was rendered or entered has expired, should be very slow to vacate such judgment, decrees, or orders, especially when the party seeking such action has failed to avail himself of the right to have such action reviewed by the appellate court. Such judgments, decrees, or orders should never be vacated, except where the party seeking such vacation has complied substantially with the provisions of the law provided for the same."

In Morgan v. Karcher et al, 81 Okla. 210, 197 Pac. 433:

"After a final judgment or decree has been rendered, and the term expires, there must be a substantial compliance with the terms of the statute in order to give the court further jurisdiction over the same."

The relief sought is not upon any grounds recognized by the statute for modifying a judgment on motion filed after term time. The real complaint is that the judgment rendered by the court was not supported by the evidence, was contrary to law, and that there was an abuse of discretion in permitting plaintiff to amend its petition after trial.

The judgment should be affirmed.

By the Court: It is so ordered.