## MORRISON v. SWINK et al.

No. 17419. Opinion Filed Nov. 22, 1927.

(Syllabus.)

1. Judgment — Vacation After Term — Weight and Sufficiency of Evidence.

Sound public policy, the stability of solemn judgments of courts, and the security of litigants, demand that where it is sought to vacate orders and judgments of the trial court. fair on their face after the expiration of the term, under section 810, subd. 3, C. O. S. 1921, upon parol testimony, the evidence must be clear, cogent, and convincing.

2. Appeal and Error—Appeal not Perfected With in Six Months—Dismissal.

Where the case on appeal is not lodged in

this court within six months after final order and judgment in the trial court, the same will be dismissed.

### 3. New Trial—Refusal to Vacate Journal Entry Overruling Motion for New Trial Sustained.

Evidence and record in this case carefully examined, and it is held, that the trial court did not err in refusing to vacate the journal entry overruling plaintiff's motion for new trial.

Commissioners' Opinion, Division No. 1.

Error from District Court, Caddo County; Will Linn, Judge.

Action by Margaret M. Morrison against Leona Swink et al. to declare a resulting trust in real estate. Demurrer to evidence of plaintiff sustained; appeal by plaintiff. Motion by defendants to dismiss plaintiff's appeal for failure to docket in the Supreme Court within six months. Motion of defendant sustained, and appeal dismissed.

A. J. Morris, for plaintiff in error.

Bailey & Hammerly, for defendants in error.

BENNETT, C. This was a civil action tried in the district court of Caddo county, Okla., beween Margaret M. Morrison, plaintiff, and Leona Swink, John Morrison, Thomas Morrison, and Blaine Morrison, defendants. There was a judgment for defendants, and plaintiff brings the action to this court for review. Parties occupy the same position as plaintiff and defendants as they occupied in the court below.

Plaintiff's petition alleged the plaintiff to be the widow of Robert S. Morrison, deceased, father of defendants, and that during his lifetime decedent purchased, with funds belonging to plaintiff, and, without her knowledge and consent, certain lands and real estate, and procured title thereto to be taken in his own name. She asked that a resulting trust for her benefit be declared in said real estate.

The answer admitted the marriage of plaintiff and decedent in 1903, but denied all other material allegations. The evidence tends to show that plaintiff and decedent formerly lived in Texas, where each was engaged in farming, plaintiff on her own lands amounting to about 230 acres, and decedent on lands occupied by his son-in-law. After their marriage they resided on the plaintiff's farm where the decedent assumed full and entire control. He superintended the pitching, cultivation, gathering and marketing of the crops, and kept the pro-

ceeds thereof in bank in his own name, hired hands, bought equipment and supplies, and had general control of the plantation without protest from plaintiff. Both plaintiff and decedent were energetic, frugal, and industrious, but decedent was not in robust health, suffering from Bright's disease and asthma, and while he worked more or less regularly, at times he was bedfast. In 1906 decedent purchased the 80 acres of land in controversy in Caddo county, Okla., and took the same in his own name, and in 1909, 1910, 1911, and 1914, he bought certain town lots in the village of Laverty, Okla., the title to some of which was taken in the name of decedent, and the balance in the joint names of plaintiff and decedent. They removed to Oklahoma in 1909, and lived at Laverty. Robert S. Morrison died in February, 1923, and plaintiff administered and listed, as community property acquired by plaintiff and decedent during coverture by the joint labors of the two, all the real estate referred to above.

There was other evidence tending to show, on the one hand, that the property was purchased with funds earned on this real estate owned by plaintiff, and, on the other hand, with funds earned from all the real estate, and also some evidence perhaps that the decedent accumulated considerable assets by judicious purchasing of real estate.

Upon conclusion of plaintiff's evidence, a demurrer thereto was sustained. The plaintiff noted her exception, gave notice of appeal in open court, had the same noted on the docket, and requested 30 days within which to prepare and serve case-made. This was August 19, 1925. A journal entry, prepared and filed on August 20, 1925, shows the sustaining of the demurrer and the dismissal of the action, etc. There appears also in the record a motion for new trial filed August 20, 1925, giving the proper name, style, and number of the cause and setting out as grounds: First, error of law occurring at the trial and excepted to by the plaintiff; second, that the judgment of the court is not sustained by sufficient evidence and is contrary to law; third, error of the court in sustaining the demurrer of defendants to plaintiff's evidence and in rendering said judgment. This motion for new trial appears to have been signed by A. J. Morris, attorney for plaintiff. There appears also in the record a journal entry made as of August 20, 1925, setting out that the cause came on upon the motion of plaintiff for new trial; that the court is of the opinion that the motion should be overruled, and that the same is

overruled; that the plaintiff excepts, and thereupon plaintiff im open court gave notice of appeal to the Supreme Court, and the clerk is directed to enter upon the journals of the court such notice of appeal by the plaintiff, who is given 60 days within which to make and serve case-made, defendants ten days to suggest amendments, and the case to be settled upon three days' notice. This journal entry is filed August 20, 1925, and is signed by the trial judge. There appears also in the record a journal entry as of November 12, 1925, showing the overruling of the plaintiff's motion for new trial, and plaintiff is given his exception and the usual entry as to noting the same on the docket, the allowance to plaintiff of 90 days within which to make and serve case-made. This journal entry is also signed by the judge, **but the same is not filed until December 21, 1925.** From the record we ascertain that the plaintiff in error, through her counsel, in preparing the case-made, took the record of the proceedings in the case from Mr. Fritch, the reporter, which contained the order of August 20, 1925, overruling the motion for new trial, and removed the same from the record before serving it upon opposing counsel without calling attention to the fact that part of the record had been removed, and the first mention of its reinstatement was made by suggestion of opposing counsel. Then 10 or 15 days thereafter, plaintiff's counsel filed a motion to vacate the order of the court under date of August 20, 1925, overruling plaintiff's motion for new trial on the ground that the same was irregularly obtained. There was a response to this motion denying any irregularity therein, and a hearing was had and evidence taken on the motion.

The evidence of plaintiff in support of her motion tends to show that plaintiff's attorney appeared in another case known as the Orme Case, in which he desired to have a journal entry overruling a motion for new trial prepared and signed, and that he dictated to another lawyer, who did his stenographic work, such journal entry, and asked that the same be presented to the court for signature, and that in some way the names and numbers of these cases became mixed, so that the journal entry which was really intended for the Orme Case was made to bear the name and number of this case, and, when so prepared, was presented to and signed by the court. Upon cross-examination, however, it appears that the journal entry in the Orme Case, which the attorney for plaintiff says that he was preparing and which became substituted for the one in the instant case,

was not prepared by him at all, but by other lawyers, appearing in the case. It appears also that the journal entry in the Orme Case required and contained a provision that the defendants therein should give an appeal bond of $1,000. No similar provision was required or put in the journal entry in the instant case. It appears also that the party doing the typewriting for the plaintiff's attorney was his partner, and that, while perhaps he was not interested in the case at bar, he sat with him in the case, but was not introduced as a witness to explain the circumstance of the preparation, signing and filing of the journal entry complained of. It appears, further, that there was no minute of the filing of the journal entry overruling plaintiff's motion for new trial August 20th made by the clerk at the time of filing. The clerk stated that he usually made minutes of such when he was in the court room, but that it sometimes happened that such orders were made without his making minutes thereof. It also appeared that no argument was made, either on August 20th or November 12th, when the court made the orders overruling the motion for new trial, and that defendant's counsel was not present at the latter date. The court, after hearing, and considering the evidence in support thereof, overruled the motion to vacate the journal entry, and the plaintiff excepted.

On this appeal two questions are presented but a disposition of the first one only becomes necessary under our view. Defendant presents his motion to dismiss this appeal for the reason that said appeal was not filed in this court within the time provided by law, and that this court is without jurisdiction to hear and determine such appeal. It will be noted that the judgment was rendered August 19, 1925, motion for new trial was filed on August 20, 1925, and that the motion for new trial was overruled on the same day, August 20, 1925. The appeal was lodged in this court in April, 1926, and, unless the plaintiff's motion for new trial, is found to be a **nullity,** the appeal was not perfected until long after the expiration of six months. It is the contention of plaintiff that, although he prepared such order and presented or had the same presented for the signature of the trial judge and caused the same to be filed, on account of some inattention or inadvertence, the exact nature of which he does not know, the said record should not stand. To this we cannot assent.

It will be observed by reference to the record that, on August 19, 1925, after the demurrer had been sustained and exceptions reserved, plaintiff gave notice of appeal to

the Supreme Court, and took 30 days within which to prepare and serve case-made, and the usual time for suggestions of amendments for settlement of the case, etc., with statement "as per journal entry," so that we must conclude that it was understood that the motion for new trial would be overruled and the record would be made conformable to this understanding, and the next day there is filed the motion for new trial and a journal entry saying:

"Now, on this 20th day of August, 1925, this cause comes on for hearing upon the motion of plaintiff for a new trial and being duly advised in the premises, the court is of the opinion that said motion should be overruled."

It is usually regarded as elementary that the negligence of counsel is the negligence of the party. The records of our courts are presumed to be correct, and to speak the truth, and unless some clear showing is made which ought to strike them down, they must stand as the last word on the subject. They are ofttimes the muniments of title and determine property rights in untold sums. They should not be lightly regarded, nor should they be set aside either upon mere pretext or upon slight testimony. The precedent which would warrant the setting aside of a journal entry overruling a motion for new trial would become a precedent in this state for setting aside a final judgment, and to lay down such a precedent in this state upon this testimony would recognize and establish a rule which would go far towards destroying the efficiency of our courts, and we must decline to do so. Counsel for plaintiff relies largely upon his own recollection to overcome the record in this case, and the accuracy of his recollection is sufficiently challenged upon cross-examination to illustrate the danger that might follow from not adhering to the rule that records of courts will be held conclusive except as against very clear and convincing proof.

This testimony and the witnesses were presented before the trial court, and it has made its ruling thereon and its finding is properly supported.

"Where the testimony is oral and conflicting, and the finding of the court is general, such finding is the finding of every special thing necessary to sustain the general finding, and is conclusive on this court on all questions of doubtful and disputed fact." Alcorn v. Dennis, 25 Okla. 135, 105 Pac. 1012.

To the same effect see Robinson & Co. v. Roberts 20 Okla. 787, 95 Pac. 246; McCann v. McCann, 24 Okla. 264, 103 Pac. 694; Bretch Bros. v. S. Winston & Sons, 28 Okla. 625, 115 Pac. 795; Elwood Oil & Gas Co. v. Gano, 76 Okla. 287, 185 Pac. 443.

We hold, therefore, that the plaintiff has shown no fact or circumstance which will be regarded by this court as sufficient for vacating or striking down the order of the court of August 20, 1925, overruling his motion for new trial, and the action of the trial court in denying plaintiff's motion to vacate the same is in all respects approved and affirmed.

We think the position of the court in this respect requires no exhaustive research into the authorities, but the same is supported by Duncan v. Wilkins. 103 Okla. 221, 229 Pac. 801; McAdams v. Latham, 21 Okla. 511 96 Pac 584; Morgan v. Karcher, 81 Okla. 210, 197 Pac. 433; Hatfield v. Hatfield, 59 Okla. 132, 158 Pac. 942; Bergeron v. Bank, 62 N. H. 655, and Lookabaugh v. Cooper, 5 Okla. 102, 48 Pac. 99.

For the reasons given, this appeal is dismissed.

TEEHEE, REID, LEACH, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 34 C. J. p. 358; §573; 42 C. J. p. 554, §256. (2) 3 C. J. p. 1067, §1074 . (3) 15 C. J. p. 978. §398.