H. C. Gentry, Appellant, *vs.* Frank Reinhardt, Appellee.

*Opinion filed December 23, 1932.*

Louis Beasley, and Edward C. Zulley, for appellant.

H. L. Browning, Josiah Whitnel, and J. R. Mc-Murdo, for appellee.

Mr. Justice Dunn delivered the opinion of the court:

An election was held on April 5, 1932, in the town of Centerville, in St. Clair county, for the offices of highway commissioner and justice of the peace. H. C. Gentry and Frank Reinhardt were opposing candidates for highway commissioner. There were seven precincts in the township, and the canvass of the returns on April 11 showed that each of the candidates had received 1488 votes. In accordance with the statute the tie was decided by lot in favor of Gentry and a certificate of election was issued to him. Reinhardt filed a petition in the county court to contest the election,

and on a re-count of the ballots by the court it was found that Gentry had received 1451 votes and Reinhardt 1465, and Reinhardt was declared elected. Gentry appealed.

The ballots voted at the election were printed in the form required by the Ballot law and had at the left the Labor Party ticket, with Reinhardt's name at the head; next to it on the right the Tax-payers and Voters ticket, with Gentry's name at the head; and next at the right a column with circle, squares, the titles of the offices and a line on which to write the names of persons voted for, but no names. The decision turns upon the court's counting of certain ballots which were objected to by the respective parties.

The appellant insists that exhibits B-1, B-3, 31, 32, 33, 34, 35, 36, 40 and 41, which the court refused to count for him, should have been so counted. The first two of these ballots were properly rejected. While both were properly marked as ballots for the candidates on the Tax-payers and Voters ticket, B-1 had a series of circles beginning at the circle before the Labor Party ticket and extending to the bottom, and B-3 had circles extending over the whole Labor Party ticket. We said of a similar ballot in *Grubb* v. *Turner,* 259 Ill. 436, at page 443, that such irregular lines across the face of the ballot, apparently intended to cancel a ticket, made the ballot void and should not be counted.

Exhibits 31 to 36, both inclusive, except 33, and exhibits 40 and 41, bore the initials of a judge which were not written by the judge whose initials they were and therefore were properly rejected. George Reinhardt, whose initials are on the ballots, testified that he did not write them except on exhibit 33. Each of the other judges testified that he did not write the initials on any of these ballots except exhibit 34, and as to this exhibit one judge testified that he did not write the initials and the other did not testify about it, but no one testified that the initials were in Reinhardt's writing. Reinhardt first testified that he wrote his initials on the back of every ballot which was voted in the precinct

in which he was a judge, but after the other two judges had testified, each, that he had written Reinhardt's initials on certain specified ballots, Reinhardt was recalled and testified that he did not write his initials on those particular ballots. The objection did not apply to exhibit 33, and it should have been counted for the appellant.

So far we have considered the ballots which the appellant claims should have been counted for him which the court rejected, with the result that the appellant gains one vote over the court's count.

The appellant claims that exhibits B-4, B-5, B-9, B-12, B-23 and B-35, which were counted for the appellee, should not have been so counted. Exhibit 35 was a ballot for the appellee, on the back of which a cross was marked with a pencil. This was a distinguishing mark and the ballot should not have been counted. (*Stevenson* v. *Baker*, 347 Ill. 304.) On the other five exhibits the voter made a cross in the square before the appellee's name. On B-4, B-9 and B-23 he then wrote the appellee's name in the blank column on the right of the ballot; on B-11 he wrote the appellee's surname and the name "Latinette" in the blank column, and on B-12 he wrote in the space for voting for justice of the peace, in the right-hand column, the name "D. Roper." All these ballots were properly counted for the appellee. *Grubb* v. *Turner, supra.*

The appellant further insists that the votes of fourteen voters whose names did not appear on the register or whose rights to vote were challenged should be deducted from the appellee's votes for the reason that the affidavits upon which their votes were received were not subscribed and sworn to in conformity with the provisions of the statute on that subject. When these votes were received by the judges of election and deposited in the ballot-box the presumption arose that they were legal votes, and this presumption continues until the contrary is shown. (*Flowers* v. *Kellar*, 322 Ill. 265.) This presumption of the legality of a vote

from its deposit in the ballot-box was declared in the case of *Dale* v. *Irwin*, 78 Ill. 170, which affirmed the legality of votes of unregistered voters which had been received without any attempt to furnish the required affidavit and proof. In that case it did not appear that the unregistered voters were challenged, and the court, referring to that fact, said that "the presumption must be that they were legal voters and so known to the judges of election." In a case which arose two years later in which the voters were challenged at the polls and attempted to furnish affidavits and proof of their qualification to vote, the court, following *Dale* v. *Irwin* and referring to that decision, said that the presumption of the legality of a vote in no way depends upon the omission to challenge or object to it or any presumed knowledge of the judges of election, but it arises from the fact of the deposition of the ballot in the ballot-box. A vote so deposited is presumed to be legal until there is evidence to the contrary. "The decision in *Dale* v. *Irwin* did not go upon the principle of there being no challenge of the voter or objection made to his voting or of presumed knowledge of the judges of election upon the subject, but upon the ground that the prohibition of the statute in this regard was but directory against receiving such a vote, and that failure of observance of this direction would not invalidate a vote which had been received by the judges of election as sufficient and deposited in the ballot-box, but, once there, the presumption would be that it was a legal vote notwithstanding the express prohibitory words of the statute against receiving the vote." (*Clark* v. *Robinson*, 88 Ill. 498.) This decision was followed in *Widmayer* v. *Davis*, 231 Ill. 42. No evidence was produced that any of these voters were not qualified. In the case of Robert Metz some evidence was introduced for that purpose but it had no tendency to overcome the presumption. It was shown, only, that several witnesses of wide acquaintance did not know him, had never heard of him and had not been able to find him.

586

The court counted for Reinhardt 1465 votes and for Gentry 1451. After a consideration of all the claims of the appellant that votes should have been counted for him which were not so counted, and that votes were counted for the appellee which should not have been counted for him and should be deducted from his vote, we find that exhibit 33, which was not counted for the appellant, should have been counted for him, and that exhibit 35, which was counted for the appellee, should not have been counted for him. This makes the total vote for the appellant 1452 and for the appellee 1464. It is therefore unnecessary to consider the cross-errors assigned by the appellee.

The judgment of the county court is affirmed.

*Judgment affirmed.*