No. 38,433

VIRGINIA BABB, *Appellee,* v. CITY OF WICHITA, KANSAS, THE BOARD OF CITY COMMISSIONERS, consisting of W. C. SALOME, L. A. DONNELL, EARL K. DUKE, F. RUSSELL JUMP and FLOYD T. AMSDEN; C. C. ELLIS, Clerk of the City of Wichita, Kansas, *Appellants.*

(241 P. 2d 755)

Opinion filed March 8, 1952.

*Paul J. Donaldson,* of Wichita, argued the cause, and *Fred W. Aley* and *Lawrence E. Curfman,* both of Wichita, were with him on the briefs for the appellants.

*Havard F. Hudson,* of Wichita, argued the cause, and *Virginia Babb,* also of Wichita, was with him on the briefs for the appellee and cross-appellant.

The opinion of the court was delivered by

Wertz, J.: This is an appeal from an order of the district court vacating a judgment and granting a new trial in an action brought to enjoin the assessment of certain property for a portion of the costs of paving a street in the city of Wichita. For the sake of clarity, appellee Virginia Babb will be referred to as plaintiff and the appellants, City of Wichita, the Board of City Commissioners consisting of W. C. Salome, L. A. Donnell, Earl K. Duke, F. Russell Jump and Floyd D. Amsden, and C. C. Ellis, City Clerk, as defendants.

The facts insofar as they are pertinent to the issues involved herein may be stated as follows: Plaintiff filed suit in the lower court seeking to enjoin the defendants from assessing her property with a portion of the costs of paving Yale Boulevard; after several amendments to her petition, issues were joined between the parties and on December 20, 1950, a pretrial conference was called pursuant to G. S. 1949, 60-2705 and 60-2902. This conference was held before a judge pro tem and extended throughout two days. The parties stipulated to most of the facts and to admission of exhibits in support thereof. Certain of plaintiff's allegations contained in her amended pleading were by the court ordered deleted. At the conclusion of the conference the court proceeded with the trial. Plaintiff offered certain oral testimony to support issues not agreed upon at the conference, which testimony was rejected by the court on the ground it was immaterial. At the conclusion of plaintiff's evidence, defendants demurred to the facts as admitted and the petition as amended on the ground that they failed to state a cause of action against the defendants. At this point the plaintiff's counsel objected to argument of the demurrer for the reason that the record was not complete as to the facts and a dispute remained as to many of them, whereupon the court sustained defendants' demurrer and made certain findings of fact and conclusions of law and rendered judgment thereon on December 21, 1950. On December 22, plaintiff filed a motion for a new trial (G. S. 1949, 60-3003) and on December 26, 1950, filed her amended motion for a new trial alleging as grounds, abuse of the court's discretion; that plaintiff was not offered a reasonable opportunity to present her evidence and to be heard on the merits of the case; erroneous rulings of the court; and that the decision was given under the influence of passion and

prejudice, and was in whole or in part contrary to the evidence. On January 6, 1951, the last day of that term of court, the parties appeared before the judge pro tem to settle the terms of the journal entry of judgment rendered by the court on December 21. As to what took place at this time, the record does not disclose, for the reason that no court reporter was present. However, the record does disclose that the terms of the journal entry of judgment were agreed upon. Plaintiff's motion for a new trial was by the court overruled.

Plaintiff contends she objected to the court hearing said motion for new trial for the reasons that no court reporter was present, that they were not prepared to take up the motion, and wished to reoffer the excluded evidence profferred at the trial of the action. The journal entry of the court overruling the motion for new trial provides in pertinent part as follows:

"Now, on this sixth day of January, A. D., 1951, this cause comes on to be heard on the amended motion of the plaintiff for an order, vacating and setting aside the findings of fact and conclusions of law and the sustaining of the demurrer of the defendants . . . as rendered on the twenty-first day of December, A. D., 1950; and granting plaintiff a new trial for the reason that the rights of said plaintiff were substantially affected by said rulings, on the grounds set out in said amended motion. . . .

"And the court stated that because of the fact that a demurrer to the evidence was an appealable order, he did not deem it necessary to hear argument on said amended motion for a new trial.

"And Counsel for plaintiff said that he desired to present certain specific points, justifying the sustaining of the motion for a new trial, and the argument connected therewith and the Court refused to hear said argument.

. . . . . . . . . . . . . . .

"It Is . . . Ordered . . . that plaintiff's motion for a new trial be and the same is hereby overruled."

At the following term of court on January 24, 1951, plaintiff filed a motion to vacate and set aside the order of the court (G. S. 1949, 60-3007, *Third*) of January 6, 1951, overruling plaintiff's motion for a new trial and asserted the following reasons:

"1. Plaintiff was not permitted by the Court to present material evidence which was excluded in the pre-trial conference and at the trial of the action, in accordance with Statute 60-3004, of the General Statutes of Kansas, 1935.

"2. Plaintiff was not permitted to complete her record for appeal by presenting excluded evidence.

"3. Errors of the Court in the exclusion of evidence are not reviewable on appeal unless plaintiff is permitted to present them to the Court.

"4. Plaintiff was not permitted to justify said Amended Motion with grounds therefor and with argument.

"5. Although plaintiff's Amended Motion for a New Trial was pending, her appearance in Court was for the purpose of obtaining an agreement on the form of the Journal Entry, reciting the proceedings and Order of the Court, on the twenty-first day of December, 1950, and not for the purpose of hearing on said amended Motion for a New Trial; but the Court insisted on taking up said amended motion and overruled said amended motion, refusing to hear excluded material evidence and argument. . . ."

This motion was heard by the regular trial judge on February 1, 1951. As to what transpired at this hearing, nothing is shown in the record other than an affidavit of plaintiff and statement by her counsel. The court made the following order:

"Now, on this first day of February, 1951, this cause comes on for hearing on the motion of the plaintiff to vacate and set aside the Order of the Court, entered on the sixth day of January, 1951, overruling plaintiff's Amended Motion for a New Trial herein; for the reason that there was irregularity in obtaining the Order . . .

". . . plaintiff submitted her proof in support of her claim that there was irregularity in obtaining the Order, overruling her Amended Motion for a New Trial, said irregularity in obtaining the order being one of the grounds for vacating an Order of the Court, after term, as set forth in the 1935 General Statutes of Kansas, 60-3007.

"And the Court, having heard the evidence and being fully advised in the premises . . . ruled that plaintiff had asserted a valid cause of action and that plaintiff's Motion to Vacate the Order overruling her Amended Motion for a New Trial should have been sustained.

"It Is . . . Ordered . . . that plaintiff has asserted a valid cause of action and that the Order of this Court, entered on the sixth day of January, 1951, overruling plaintiff's Amended Motion for a New Trial, should be and it is hereby vacated and set aside for irregularity in obtaining said Order."

On February 17, 1951, plaintiff presented her motions for new trial filed on December 22 and 26, 1950. At this hearing, the plaintiff reoffered her testimony which had been excluded by the judge pro tem on the trial of the case on its issues at the previous December hearing. After the hearing on the motion, the court granted a new trial. The amended order reads in pertinent part as follows:

"It Is . . . Ordered . . . That plaintiff's motion for a new trial of the issues involved be and the same is hereby sustained and granted because the Court is dissatisfied with the decisions of this Court, rendered on the 21st day of December and the 22nd day of December, 1950."

Defendants appeal to this court asserting that (1) the trial court in the January term erred in vacating its order entered in the October term overruling plaintiff's motion for a new trial; and (2) the trial court erred in granting plaintiff a new trial by its order of

February 17, 1951, after overruling plaintiff's motion for a new trial in a prior term of court.

Defendants contend that the court had no jurisdiction at a subsequent term to vacate its judgment. We cannot follow this contention. G. S. 60-3007 provides in part:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made:

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"*Third.* For  .   .   . irregularity in obtaining a judgment or order."

An irregularity has been defined as a departure from some prescribed rule of legal procedure; a deviation from certain provisions of the statute designed to secure method and convenience in procedure; the doing or not doing of that, in the conduct of a suit at law, which, conformable with the practice of the court, ought or ought not to have been done in the case; a violation or nonobservance of established rules and practices and the want of adherence to some prescribed rule or mode of proceeding. (48 C. J. S. 771; Ballentine's Law Dictionary, 2d ed., 686; *In re Ellern,* 23 Wn. (2d) 219, 160 P. 2d 639.)

The power of the court to vacate or set aside its judgments at a subsequent term for irregularity is so essential to the orderly administration of justice that it will not be denied unless by virtue of legislation admitting no other reasonable construction. (*Cooper v. Rhea,* 82 Kan. 109, 107 Pac. 799; *Phoenix Mutual Life Ins. Co. v. Aby,* 144 Kan. 544, 61 P. 2d 915.)

While no accurate classification of irregularities can be made, it may be said that an overt act of the trial court violative of the established rules of orderly procedure or of a right to a fair and impartial trial amounting to misconduct, may be regarded as an irregularity (*Gray v. Robinson,* 33 Cal. App. (2d) 177, 91 P. 2d 194).

The question, therefore, squarely presented to this court is whether there was an irregularity within the foregoing definition in rendition of the judgment on January 6, 1951, and in denial of plaintiff's motion for a new trial.

It is a well-established rule of this court that one of the principal purposes of a motion for a new trial is to give the defeated party an opportunity to put into the record her excluded evidence when she has specified that as one of the grounds in her motion for new trial. Errors in exclusion of evidence are trial errors and if not

presented on a motion for new trial will not be considered on appeal. (*McKinney v. Sackett*, 144 Kan. 290, 58 P. 2d 1121; *State v. Zeilinger*, 147 Kan. 707, 78 P. 2d 845.) When a ground for a motion for a new trial is error in exclusion of evidence, and such evidence is oral and not brought into the record, it must be produced at the hearing on a motion for a new trial. (*Brewer v. Harris*, 147 Kan. 197, 75 P. 2d 287; *In re Estate of Regle*, 170 Kan. 558, 228 P. 2d 722.) A proffer of excluded evidence stating the evidence the party intends to introduce is not sufficient. (*Walker v. S. H. Kress & Co.*, 147 Kan. 48, 75 P. 2d 820.) While it is true that most of the evidence was agreed upon by the parties at the conference, plaintiff did offer additional testimony on facts on which they were unable to agree. The offer of this testimony was refused by the court on the ground it was immaterial, and he rendered judgment in favor of the defendants on the pleadings and stipulations. If the plaintiff was to protect her record for appellate review on trial errors, it was necessary for her to file a motion for a new trial and reoffer the excluded testimony. The record discloses that it was the last day of the term, no court reporter was present, and the plaintiff was denied her right to reoffer the evidence for the purpose of appeal. The court could not limit her right to appeal by stating that she could appeal from the order sustaining the demurrer, and thereby refuse to hear her motion for a new trial. Defendants contend that the plaintiff could have appealed from the court's order overruling her motion for a new trial, but her appeal would have been of no avail in the absence of reoffering the excluded testimony, and the presentation to the trial court of other trial errors complained of in their motion for a new trial.

It may be briefly stated that where a trial court on hearing of a motion for a new trial under G. S. 1949, 60-3004, ignores and refuses petitioner's request to reoffer certain rejected evidence which was presented at the trial of the cause on its merits, and fails to have a court reporter available for petitioners to make a proper record for review, refuses to hear or consider petitioner's motion for a new trial, and attempts to limit petitioner's right for appellate review, it does more than commit a mere "error of law." Such action of the court amounts to an irregularity authorizing relief by proceedings to vacate the judgment under G. S. 1949, 60-3007, *Third*, notwithstanding the term had passed in which such judgment was rendered, as long as such action to vacate for irregularity was com-

menced within three years after the rendition of such judgment. (G. S. 1949, 60-3008.)

The trial court found specifically that the order of January 6, 1951, overruling plaintiff's amended motion for new trial should be vacated and set aside for irregularity in obtaining the order and we find nothing in the record to indicate the contrary or that the court abused its discretion in so ordering.

Defendants next contend the trial court erred in granting plaintiff a new trial after overruling plaintiff's motion for a new trial in a prior term of court, and contend that no such authority exists under G. S. 1949, 60-3002, which provides:

"A motion for a new trial shall not be sustained and a new trial shall not be granted by the judge of any district court of the state of Kansas, for the reason that a different judge is hearing the motion for a new trial from the judge that tried the case: *Provided,* That the evidence has been taken in such trial and is available for the judge hearing the motion for a new trial and such judge has the facts before him in passing on such motion."

In interpreting this statute, we said in *Prather-Wolfe Merc. Co. v. Carnes*, 135 Kan. 590, 592, 11 P. 2d 1018:

"The court regards R. S. 60-3002 as meaning that if the evidence has been taken and is available, the succeeding judge shall pass on the motion for new trial as if he had presided at the trial. If the evidence has not been taken, or if the evidence has been taken but is not available to the judge, so that he is not able to determine whether, on the whole case, the motion should be allowed or denied, a new trial should be granted. In the latter event the motion is to be considered no further than as an application for a new trial. The new trial is not granted on account of merit of the stated grounds. It is granted because the court is not in position to determine merit or demerit, and is not in position to exercise the judicial discretion permissible when ruling on a motion for new trial."

In the instant case, the proceedings were taken at the pretrial conference and subsequent trial, including the stipulation as to certain evidence and the plaintiff's offer of testimony on issues not agreed upon by the parties. This record was available to the trial court when considering the motion for a new trial. The record discloses that the plaintiff reoffered the testimony which was excluded at the trial of the case on its issues. The court found after hearing the evidence that a new trial should have been granted because it was dissatisfied with the decisions of the court rendered on December 21 and 22, 1950.

The record is not clear as to all that transpired at the proceedings on the motion for a new trial. However, there is a presumption that

the court had the transcript of the record and read it, and in the absence of an affirmative showing to the contrary, we must assume that the action of the court was regular and in accordance with the law. (*Rothman v. Globe Construction Co.*, 171 Kan. 572, 235 P. 2d 981.)

Trial courts are vested with a very large and extended discretion in granting new trials and new trials ought to be granted whenever in the opinion of the trial court the party asking for the new trial has not in all probability had a reasonably fair trial and has not in all probability obtained or received substantial justice. (*City of Sedan v. Church*, 29 Kan. 190.) When a trial court grants a new trial generally upon the ground that it is not satisfied with the verdict or for any of several reasons not specifically stated, this court does not interfere with such rulings. (*Ferguson v. Kansas City Public Service Co.*, 159 Kan. 520, 156 P. 2d 869; *Bateman v. Roller*, 168 Kan. 111, 211 P. 2d 440.)

In view of what has been said, other questions raised on the appeal need not be discussed. The judgment of the lower court in vacating the judgment of January 6, 1951, and granting a new trial *ab initio* is affirmed.