Ralph A. **STOVER,** Petitioner,

v.

The **ALFALFA COUNTY ELECTION BOARD et al.,** Respondents.

No. 47993.

Supreme Court of Oklahoma.

Jan. 15, 1975.

As Amended Jan. 17, 1975.

Rehearing Denied Jan. 28, 1975.

Wright & Keltch, by Peter M. Keltch, Cherokee, for petitioner.

L. Jack Barton, Dist. Atty., Ed Moore, Asst. Dist. Atty., for respondents.

WILLIAMS, Chief Justice.

Petitioner, Ralph A. Stover, has filed his application for this Court to assume original jurisdiction and issue a writ of mandamus to the respondents, the Alfalfa County Election Board and the members thereof, directing them to issue to petitioner a certificate of election to the office of County Commissioner, District Number 1, of said county.

He alleges that he was a candidate for said office at the general election held on November 5, 1974, and that the other candidate was Billy V. Beard; that when the ballots were counted after the election, the vote was 320 for petitioner and 318 for Beard; that Beard then filed a petition for a recount, which was had as provided by law; that in the recount petitioner received the same number of votes (320), but that Beard was credited with two more votes, resulting in a tie vote (320 for each candidate); that the election board then proceeded by lot as provided by 26 O.S. 1971, Sec. 113, after which, by a vote of two to one, the respondents declared Beard the winner and issued him a certificate of election.

In this Court, petitioner argues that the two extra votes for Beard, which he properly protested, should not have been counted; that there was in fact no tie vote; and that he should have been issued a certificate of election. Of course if either ballot was improperly counted, petitioner was entitled to the certificate of election.

In response to an order of this Court, the identical ballots concerned have, by stipulation, been submitted for examination.

Respondents argue that this Court does not have jurisdiction of the matter presented, but this argument cannot be sustained. Under Article 7, Section 4, Oklahoma Constitution, the original jurisdiction of this Court extends to a "general superintendent control over all inferior courts and all Agencies, Commissions and Boards created by law". See Looney v. County Election Board, 145 Okl. 25, 291 P. 554, 71 A.L.R. 420; Sparks v. State Election Board, Okl., 392 P.2d 711.

In *Looney,* after a petition invoking its original jurisdiction, this Court issued a writ prohibiting the county election board from conducting a recount without first determining that the ballots "had been preserved in the manner and by the officers prescribed by the statute * * *". In *Sparks,* this Court held in the syllabus:

"Where in recount proceedings conducted by the State Election Board a pure and unmixed question of law is presented as to whether a qualified elector's vote should be counted and the answer to the question depends upon the construction of constitutional and statutory provisions, the State Election Board acts in a judicial capacity when performing this function, and the action taken by said Board is subject to the supervision of this court under the provisions of Art. 7, Sec. 2, Okla.Const."

It may be noted that since the opinion in *Sparks* was promulgated our Constitution has been amended, and the provisions con-

**1022**

cerning the original jurisdiction of this Court, formerly the second sentence of Article 7, Sec. 2, are now found in the second sentence of Article 7, Sec. 4. The only change in said sentence was to add the word "Agencies".

■ In this case, as in *Sparks*, "a pure and unmixed question of law is presented as to whether a qualified elector's vote should be counted" and "the answer to the question depends upon the construction of * * * statutory provisions". This being true, the election board acts in a judicial capacity in performing this function, and is subject to the supervision of this Court under its original jurisdiction. Since the facts are undisputed and the only pertinent evidence—the original ballot itself—is before this Court by stipulation, we are authorized to compel, by mandamus, the specific action that should have been taken. See State ex rel. Evertson v. Cornett, Okl., 391 P.2d 277; 52 Am.Jur.2d, Mandamus Sec. 311.

■ In a response brief, it is pointed out that in *Sparks, supra*, this Court in effect ordered the counting of six "sample" ballots. However, in that case the alternative would have been to disenfranchise six electors *through no fault of their own*. In that case, the supply of official ballots was exhausted shortly before the close of the polls on election day and officials permitted the use of sample ballots by electors who thereafter came to vote. There was no allegation or evidence that the six ballots had been spoiled or mutilated *by the voters*. In the case now before us, and regardless of whether the voter spoiled his ballot accidentally or intentionally, he should have proceeded under 26 O.S.1971, Sec. 255. That section was in part as follows:

"Should any elector spoil or mutilate his ballot, in his effort to vote the same, he shall fold it and return it in the presence of the election officers, and such elector shall then, in the presence of said officer, destroy said ballot by burning or otherwise, and the clerk of the election shall then provide such elector with another ballot * * *."

For a case construing and applying this section, see Jackson v. Orendorff, 139 Okl. 82, 281 P. 147.

We therefore hold that this Court does have jurisdiction in this original action to settle the matters involved in the present controversy.

■ One ballot here involved was protested upon the ground that it bore the name of a "write-in" candidate for the office of Sheriff in the blank square on the ballot under the device of a political party which had nominated no candidate for that office. The argument is that the handwritten name of this man rendered the ballot a spoiled or mutilated ballot which should not have been counted.

This argument must be sustained. It was settled early in the history of this State that ballots bearing the name of a "write-in" candidate should not be counted because of the requirement of the statute that "Ballots bearing any mark as a distinguishing mark, shall not be counted". This requirement was a part of R.L.1910, Sec. 3086, which section was later codified without change as 26 O.S.1971, Sec. 371. In Moss v. Hunt, 47 Okl. 1, 145 P. 760 (1915), a contest for the office of county judge, this Court sustained the action of the county election board in refusing to count in said race, ballots bearing the name of "write-in" candidates for the offices of justice of the peace and constable under the device of a political party which had nominated no candidates for those offices. The holding in that case was, in effect, that the "write-in" names constituted distinguishing marks within the meaning of the statute; see page 763 of the Pacific Reporter.

In our view, the intentional placing on a ballot of a mark made by the voter enabling such to be readily identifiable, will be considered as a distinguishing mark. See 86 A.L.R.2d 1017.

We hold that the ballot last described should not have been counted. No further consideration need be given the other ballot which petitioner questioned herein.

It should be observed that 26 O.S.1971, Sections 113, 255 and 371, have been repealed effective January 1, 1975, and have been replaced by comparable or similar sections in the new Election Code adopted by the 1974 Legislature. They were, however, in effect for the 1974 elections, and are determinative of the questions here presented.

Since under 26 O.S.1971, Sec. 371, the above described questioned ballot should not have been counted, there was in fact no tie vote, and the actions of respondents in attempting to determine the winner by lot, and in issuing a certificate of election to Beard, were not authorized by law.

The application to assume original jurisdiction and petition for writ of mandamus both are granted; the respondent Board is directed to cancel the certificate of election issued to candidate Beard and to issue a certificate of election to petitioner Ralph A. Stover.

BERRY, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.

HODGES, V. C. J., and DAVISON, IRWIN, JJ., dissent.